## THE ILLINOIS TRUST AND SAVINGS BANK, Trustee,

*v.*

## MONTVILLE WALDO HOWARD *et al.*

*Opinion filed April 17, 1900.*

1. APPEALS AND ERRORS—*appeal will not lie to review mere interlocutory order.* No appeal will lie from a mere conclusion of law by the court or from decisions or rulings on mere questions of practice arising during the progress of the case.

2. SAME—*denial of motion to compel production of deed for inspection is not a final order.* The denial of a motion by defendant in an ejectment suit, preparatory to the trial of the cause, to compel plaintiff to produce his deed for inspection, in order that it might be submitted to experts on handwriting and its genuineness otherwise tested, is not a final order from which an appeal will lie.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JONAS HUTCHINSON, Judge, presiding.

PRUSSING & McCULLOUGH, CRAFTS & STEVENS, and TENNEY, McCONNELL, COFFEEN & HARDING, for appellant.

MORAN, MAYER & MEYER, and JESSE LOWENHAUPT, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant is one of the defendants in an action of ejectment brought by the appellees and now pending in the superior court of Cook county. The plaintiff Montville Waldo Howard claims title by a deed from John McCaffrey, deceased, of whose will the defendant, the Illinois Trust and Savings Bank, is trustee, and the other plaintiff is an attorney who claims a share by conveyance from Howard. Said defendant questions the genuineness of said deed from John McCaffrey, and preparatory to the trial of the cause moved the court to require said plaintiff Montville Waldo Howard to produce for inspection the said deed, that it might be exhibited to experts and persons familiar with the handwriting of John McCaffrey, and that photographs might be made and its genuineness tested in other ways. The motion was supported by affidavit that the defendant expected to be able to show upon such examination, from the face of the instrument, that it was not genuine. The superior court denied the motion, and an appeal was prosecuted to the Appellate Court for the First District. The Branch Appellate Court for that district dismissed the appeal, and this further appeal was prosecuted. The errors assigned are that the Appellate Court erred in dismissing the appeal and in not hearing the cause on its merits.

It is, of course, familiar to all that a mere interlocutory order cannot be reviewed on appeal. No appeal will lie from a mere conclusion of law by the court or from decisions or rulings on mere questions of practice arising during the progress of the case. This motion and the decision appealed from are of that nature. It is urged that the decision is final against the right to inspect the deed, and that such decision will certainly prejudice the

defendant in making its defense. If the decision is wrong, and should have the effect claimed it would not be different in any respect from an order refusing a continuance or change of venue, or other decision which might prejudice a party to the suit. Whether the refusal of the court has prejudiced the defendant's rights in this case or injured the defendant in any way has not yet been determined. The defendant may succeed in the trial of the ejectment suit, and for aught that we know the judgment may be in its favor. Whatever the result may be, the order is clearly interlocutory, relating only to a matter of practice in the course of the proceeding, and the Appellate Court was right in dismissing the appeal. *Lester* v. *Berkowitz,* 125 Ill. 307.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*