## Falcon Engineering Company, Appellee, v. William M. Wright, Appellant.

### Gen. No. 16,978.

1. APPEALS AND ERRORS—*order to return incorrect certified copy of judgment is not appealable.* An order requiring the attorney for defendant to return a certified copy of a judgment, on the ground that such copy is incorrect, does not purport to change the judgment entered, does not tend to affect the merits of the cause and is interlocutory and not appealable.

2. DISMISSAL AND NONSUIT—*when order reciting nonsuit may be corrected.* Where an order reciting that a plaintiff elects to take a nonsuit entered a judgment which seemed to determine the merits of the case in favor of the defendant, the court on examining the record, files and minutes may enter an order correcting the former one so as to show no such determination.

3. APPEAL AND ERROR—*when bill of exceptions necessary to review order correcting incorrect order.* An order, correcting an order reciting that a plaintiff elects to take a nonsuit, that enters a judgment which seems to determine the merits of the case in favor of the defendant may be affirmed, if a bill of exceptions is not filed.

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Dismissed in part and affirmed in part. Opinion filed July 9, 1912. Rehearing denied. *Certiorari* denied by Supreme Court (making opinion final).

SAMUEL B. KING, for appellant.

OTTO G. RYDEN, for appellee.

Mr. Presiding Justice Clark delivered the opinion of the court.

We are asked to reverse the action of the Municipal Court of Chicago in entering two separate orders on May 14, 1910, and June 20, 1910, respectively.

The order of May 14th by its terms required Samuel B. King, described as attorney for the defendant, to return a certified copy of the judgment entered in the cause on December 30, 1909, for the reason, as stated in the order, that the certified copy was incorrect. The order further provided that the certified copy when returned should be marked canceled, also that the copy of the same "now in the files of the cause" be canceled and marked void. An exception was taken to the entry of this order, and an appeal prayed to the Appellate Court. The order does not purport to change in any respect the judgment entered, nor does it in any way tend to effect the merits of the cause. It is clearly interlocutory, and the appeal with reference to it must therefore be dismissed. Illinois Trust & Savings Bank v. Howard, 185 Ill. 332. The court erred in granting the appeal.

The second appeal, namely to the order of June 20th, is set out in the same record as is the one to the first order, two bonds having been filed, one after each appeal was granted. The order of June 20th recites that the court had examined the record and files in the cause and "his memoranda and minutes of the order and judgment entered in this cause on December 30, 1909." The order of December 30th, as it was originally entered by the clerk, reads in part as follows: "whereupon the plaintiff elects to take a non-suit. It is therefore considered by the court that the plaintiff take nothing by its suit, and that the defendant do have and recover of and from the plaintiff, the costs of the charges by him herein expended taxed at $32.65, and that execution issue therefor."

By the order of June 20th it was corrected so that this portion was made to read as follows:

"whereupon plaintiff elects to take a non-suit herein. It is therefore considered by the court that said defendant have and recover of and from the plaintiff the costs of said defendant herein expended and that execution issue therefor."

No bill of exceptions was filed in the last appeal, and we might properly affirm the order for this reason. Without passing upon the question whether the order as entered is properly the subject of an appeal, we state it as our opinion that from the record the court was justified in entering the order of correction. It is apparent that the order as originally transcribed upon the records was inconsistent with itself. The plaintiff had a right to take a non-suit, and upon its doing so a judgment should not have been entered against it which seemed to determine the merits of the case in favor of the defendant. The appeal from the order of May 14, 1910, will therefore be dismissed, and the order of June 20, 1910, affirmed.

*Appeal from order of May 14, 1910, dismissed; order of June 20, 1910, affirmed.*

MR. JUSTICE BARNES took no part in the consideration of this case.