EAGLE-PICHER LEAD COMPANY, Respondent, *v.* MANSFIELD PAINT
Co., INC., Appellant.

Third Department, May 16, 1922.

Depositions — action commenced before October 1, 1921 — ex parte order
obtained after that date directing examination before trial of defend-
ant — motion to vacate properly denied — provisions of Civil Practice
Act for taking depositions are remedial — rights of defendant not
prejudiced — papers used on application for ex parte order sufficient
under Civil Practice Act — purpose of Civil Practice Act to simplify
taking depositions — changes in procedure may affect pending actions
— procedure in pending action governed by law existing when question
arises — Civil Practice Act should be liberally construed — purpose
of Legislature in regard to Civil Practice Act — provisions of Civil
Practice Act should be availed of whenever possible.

Where an action was commenced in August, 1921, and on December 17, 1921,
upon the pleadings and an affidavit, an order was granted, without notice,
directing that the defendant be examined before trial as an adverse party
pursuant to the provisions of the Code of Civil Procedure and the Civil Practice
Act by a referee named in the order at a time and place specified therein, a
motion to vacate said order was properly denied.

The provisions of the Civil Practice Act for taking depositions are remedial pro-
visions and their application by the court under the circumstances does not
conflict with any rights of the parties which had been acquired or had accrued.

The rights of the defendant were not prejudiced by the failure of the plaintiff
to serve the notice required by section 290 of the Civil Practice Act as the
*ex parte* order gave the necessary notice and while section 292 of the Civil
Practice Act provides that, if an order is obtained, it shall be obtained upon
notice, the whole matter was brought before the court upon the motion to
vacate and the defendant was given full opportunity to be heard, making a
substantial compliance with the act, and, in any event, the defect may be
deemed supplied under section 105 of the act.

The pleadings and affidavit presented to the court upon the application for the
*ex parte* order answered every requirement of the Civil Practice Act, and since
that act was controlling, there was no ground for vacating the order based on
defective motion papers.

It was the purpose of the Civil Practice Act to simplify the procedure for
procuring depositions and generally to allow depositions to be taken unless
the testimony sought is not material or necessary, or the interests of justice
would not be subserved.

The Legislature may change the procedure of the court and, in the absence of
words of exclusion, such change will affect pending actions.

The procedure, the mode of attaining and defending rights, in a pending action
is governed by the law regulating it at the time the question arises.

The Civil Practice Act should be liberally construed by the courts to realize the
full force and effect it was intended to have, namely, to simplify the practice
and expedite justice.

*It seems*, that it was the purpose of the Legislature that the Civil Practice Act
should go immediately into effect on October 1, 1921, and that its provisions
should take the place of the Code of Civil Procedure, except that it should not

**224** EAGLE-PICHER LEAD CO. *v.* MANSFIELD PAINT CO., INC.

Third Department, May, 1922.            [Vol. 201

be applied when any rights, which had accrued or had been acquired, or any liability which had been incurred prior to October 1, 1921, would, by applying it, be rendered ineffectual or impaired; and that all remedial provisions of the act, which were not inconsistent with, or prejudicial to, proceedings theretofore had and to existing rights of parties, should be applied by the courts in the interest of justice in actions and special proceedings begun before October 1, 1921.

*It seems,* that in actions and proceedings begun before October 1, 1921, but which may be in the courts for years to come, to avoid inconsistency and confusion and in the interest of justice, the provisions of the Civil Practice Act should be uniformly availed of whenever, without prejudice to accrued rights, they can be applied.

APPEAL by the defendant, Mansfield Paint Co., Inc., from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 4th day of January, 1922, denying defendant's motion to vacate and set aside the examination of the defendant before trial.

*Moe Goldstein,* for the appellant.

*Merchant, Waite & Waite,* for the respondent.

VAN KIRK, J.:

The summons in this action was served and the action begun in August, 1921. An amended complaint was served in October, 1921, and an amended answer in December, 1921. On December 17, 1921, upon the pleadings and the affidavit of one of the attorneys for the plaintiff, an order was granted, without notice, directing that the defendant be examined as an adverse party, by and through its secretary, Claude S. Wilson, and his deposition be taken pursuant to the provisions of the Code of Civil Procedure and the Civil Practice Act applicable thereto, by a referee named in the order and at the time and place specified therein. On January 3, 1922, the return day of an order to show cause why the order of December seventeenth should not be vacated, an order was made denying the motion and ordering that the defendant be examined as directed before the referee appointed and at a time and place named. It is from this latter order that this appeal is taken.

The appellant's first proposition is that the examination of the defendant was procured under the provisions of the Code of Civil Procedure, but should have been had under the Civil Practice Act. The respondent also invokes this act. The orders recite that the deposition be taken pursuant to the provisions of both statutes.

The Civil Practice Act took effect October 1, 1921 (Civil Practice Act, § 1578), and was made to apply to all actions and proceedings thereafter commenced (§ 1568). Section 1577 of the act repeals the Code of Civil Procedure, but not as to actions and proceedings begun before October 1, 1921. Section 1573 provides:

" Existing rights preserved. The provisions of this act, or the repeal of any provision of the Code of Civil Procedure thereby, shall not affect or impair any act done or right accrued or acquired, or any liability, penalty, forfeiture or punishment incurred or imposed, or any limitation or defense accrued or established, prior to its enactment, but the same may be asserted, enforced, prosecuted or inflicted in the same manner and to the same extent as if this act had not been passed." Section 1569 provides: " Pending actions and proceedings. Proceedings pursuant to law in an action or special proceeding taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act or by the repeal thereby of any provision of the Code of Civil Procedure, unless otherwise expressed, and subsequent proceedings in such action or special proceeding must be conducted in accordance with the laws in force on the day before this act takes effect, except as otherwise provided in this article, and except that the court or judge may apply thereto, in the interest of justice, any remedial provision of this act not inconsistent with the proceedings theretofore had or taken in such action or special proceeding. The provisions of article nine of this act are expressly made applicable to pending actions and proceedings." Article 9 contains the provisions for relieving from mistakes, defects and irregularities. (§§ 105–112.) Sections 288 to 294 provide for taking testimony by deposition. The testimony of an adverse party may be taken without order of the court by giving notice to the adversary, stating in writing the person before whom the testimony is to be taken, the time and place at which it is to be taken, the name of the person to be examined, and the issues upon which such person is to be examined. (§§ 288, 290.) Any question as to the right to take the testimony, or as to the time or place, or as to the matters or issues as to which the testimony is to be taken may be raised by a motion to vacate or modify the notice. This motion may be heard upon an order to show cause, returnable at chambers or to the court, or upon notice; and, " If the taking of the deposition be not authorized by the provisions of this article the court shall vacate the notice." (§ 291.) Or an order of the court may be asked in the first instance, in which case the motion shall be upon notice to the other parties. (§ 292.)

It seems the plain purpose of the Legislature that the Civil Practice Act should go immediately into effect on October 1, 1921, and that its provisions should take the place of the Code of Civil Procedure, except that it should not be applied when any rights, which had accrued or had been acquired, or any liability which had been

**226**  EAGLE-PICHER LEAD CO. *v.* MANSFIELD PAINT CO., INC.

Third Department, May, 1922.                    [Vol. 201

incurred prior to October 1, 1921, would, by applying it, be rendered ineffectual or impaired; that all remedial provisions of the Civil Practice Act, which were not inconsistent with, or prejudicial to, proceedings theretofore had and to existing rights of parties, should be applied by the courts in the interests of justice in actions and special proceedings begun before October 1, 1921.

In actions and proceedings begun before October 1, 1921, but which may be in the courts for years to come, to avoid inconsistency and confusion and in the interest of justice, the provisions of the Civil Practice Act should be uniformly availed of whenever, without prejudice to accrued rights, they can be applied. The provisions for taking depositions are remedial provisions and their application by the court in this case does not conflict with any rights of the parties which had been acquired, or had accrued.

In the instant case the plaintiff did not serve the notice provided for in section 290 of the Civil Practice Act, but procured an order of the court *ex parte.* We think this did not prejudice the rights of defendant for two reasons: (1) Under the Civil Practice Act plaintiff with approval of the court could have had the examination asked simply by giving the notice authorized in section 290; the order gave the necessary notice. (2) While section 292 of the Civil Practice Act provides that, if an order is obtained, it shall be obtained upon notice, the fact is that, after the order had been obtained, an order was procured by the defendant to show cause why the prior order should not be vacated and staying all proceedings pending the determination of the motion under the order to show cause. The whole matter then was brought before the court, both parties being present, and the court made an order directing the examination. No substantial right of the defendant has been prejudiced by the omission to give notice of the application for the first order; upon the return of the order to show cause the defendant was given full opportunity to be heard and we think there was a substantial compliance with the Civil Practice Act and, in any event, that the defect in the omission of notice of motion for the order to examine may be deemed supplied and by this court disregarded. (Civil Practice Act, § 105.)

The appellant further contends that the *ex parte* order should have been vacated because the motion papers upon which it was granted were defective and not in compliance with the well-established rule. Since the Civil Practice Act should govern the determination of this appeal, the question is whether or not the papers on which· the order was granted satisfy the requirements of that act. It was the purpose in the Civil Practice Act to simplify the procedure for procuring depositions and generally to allow deposi-

tions to be taken unless the testimony sought is not material or necessary, or the interests of justice would not be subserved.   The practice under the Code of Civil Procedure was technical and often unjustly deprived a party of the right or privilege of taking depositions before trial.   Under the Civil Practice Act, as above stated, they may be taken upon simple notice, as is the practice in the Federal courts,* or under an order of the court.   The pleadings and affidavits presented to the court answer every requirement of the act and the Rules of Civil Practice.   They show that the testimony of the defendant sought to be taken is material and necessary in the prosecution of the action (§ 288); that the adverse party, whose testimony is to be taken, is a corporation, and names its officers, whose testimony is material and necessary and is to be taken (§ 289); also all of the facts required to be contained in the notice of taking testimony by deposition when an order of the court is not sought (§ 290); also the facts establishing that the taking of the testimony is " authorized by the provisions of this article."   (§ 291.)

We then turn to the Rules of Civil Practice.   Rule 122 (of the Rules of Civil Practice) provides: " If a party desire to take the deposition of an adverse party or a witness to obtain information to enable him to draw a complaint, he shall apply for an order, or if he shall apply for an order to take testimony by deposition under any provision of article twenty-nine of the Civil Practice Act, he must present proof by affidavit that statutory grounds exist for taking the same; that the testimony of such person is material and necessary for the party making such application, or the prosecution or defense of such action.   If an adverse party, or the original owner of a claim, whose testimony is sought, be a corporation, joint-stock or other unincorporated association, the affidavit must state the office or position in such corporation or association held by the person whose testimony is material and necessary."   It appears above that this rule is substantially complied with.   Rule 124 provides: " If a party on whom a notice to take testimony by deposition is served shall move to vacate, modify or limit the same, he shall specify in his notice of motion the grounds of the motion, and may support the same by affidavit, which shall be served with the notice of motion.   If the court or judge who hears the motion shall deem that the testimony sought to be taken is not material or necessary for the party who served the notice, or for any reason that the interests of justice would not be subserved by such examination, an order may be made vacating and setting aside the notice to take the testimony or limiting the

* See U. S. R. S. § 863; 27 U. S. Stat. at Large, 7, chap. 14.— [REP.

scope of the examination. If the court or judge shall deem that the testimony should be taken at a time or place, or before a person, other than specified in the notice, an order may be made fixing a different time or place for the taking of the testimony, and designating some other person to take the same, and imposing reasonable terms or conditions." This rule seems to indicate the matters which should be considered in vacating a notice to take testimony, and, therefore, the matters to be considered in deciding whether or not the deposition should be taken. If it had appeared before the court here, upon the motion to vacate the *ex parte* order, that the testimony sought to be taken was not material or necessary for the plaintiff, or that the interests of justice would not be subserved by such examination, the court should have vacated the *ex parte* order; but neither of these grounds for vacating the order existed in this case and the court properly denied the motion.

It is well settled that the Legislature may change the practice and procedure of the court and, in the absence of words of exclusion, such change will affect pending actions. The procedure, the mode of attaining and defending rights, in a pending action is governed by the law regulating it at the time the question arises. (*Matter of Davis*, 149 N. Y. 539, 545.) The Civil Practice Act should be liberally construed by the courts to realize the full force and effect it was intended to have, namely, to simplify the practice and expedite justice.

We think, therefore, that the objections by the defendant, appellant, are not well taken and that the order should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.