THE STATE OF NEVADA ON THE RELATION OF JES-
SIE H. BECK, RELATOR, *v.* THE SECOND JUDI-
CIAL DISTRICT COURT OF THE STATE OF
NEVADA, IN AND FOR THE COUNTY OF WASHOE
AND HONORABLE JOHN S. BELFORD, JUDGE
OF DEPARTMENT NO. 1 THEREOF, RESPONDENTS.

No. 3727

January 2, 1953.                    251 P.2d 854.

*Louis V. Skinner* and *Norman H. Samuelson,* of Reno,
for Relator.

*William L. Hammersmith,* of Reno, for Respondents.

## OPINION

By the Court, EATHER, J.:

This is an original proceeding in prohibition. Relator hereby seeks to obtain an order of this court prohibiting respondents from proceeding upon petition of one Suzanne Floyd, pursuant to secs. 9011–9019, N.C.L.1929, to perpetuate her testimony.

Without setting forth at length the petition for perpetuation of testimony, it may suffice briefly to state that it contained the statements: That the petitioner expects to be a party plaintiff in an action to be filed in the Second judicial district court, in which action it is expected that the adverse party defendant will be Jessie H. Beck, of Reno, Nevada; that in the action which the petitioner expects to file in the said court it will be material and necessary for the plaintiff to establish the following facts: that on or about the 27th day of June, 1951, the petitioner was in the company of Jessie H.

Beck, having left Reno to accompany Jessie H. Beck to Venus, Texas, at the sole request of the said Jessie H. Beck; that on the said date hereinbefore alleged, the said Jessie H. Beck, did with force and violence, assault the petitioner herein and did strike the said petitioner in and about her face and the upper portion of her body, and the said Jessie H. Beck did, at the said time and place, threaten the petitioner with physical violence and which put the petitioner in fear of her life; that the said Jessie H. Beck did refuse to return the petitioner herein to her residence and domicile in Reno, Nevada.

Relator maintains that secs. 9011–9020, N.C.L.1929, do not give the right to perpetuate the testimony of an expected adverse party where no action has been filed and there is no legal impediment to filing suit and this, apparently, is the real issue before this court.

The pertinent sections provide:

"Sec. 9011. The testimony of a witness may be taken and perpetuated as provided in this chapter.

"Sec. 9012. The applicant shall present to a district judge a petition verified by the oath of the applicant stating:

"1. That the applicant expects to be a party to an action in a court in this state, and, in such case, the name or names of the person or persons whom he expects will be adverse parties; or

"2. That the proof of some fact or facts is necessary to perfect the title to property in which he is interested, or to establish marriage, descent, heirship, or any other matter which it may hereafter become material to establish, though no suit may at the time be anticipated, or, if anticipated, he may not know the parties to such suit; and

"3. The name of the witness to be examined and his place of residence, and a general outline of the facts expected to be proved.

"Sec. 9013. The judge to whom such petition is presented shall make an order allowing the examination before any judge of a court of record, and prescribing

the notice to be given, which notice, if the parties are known and reside in this state, shall be personally served on them, and if unknown, or nonresidents, such notice shall be served on the clerk of the county where the property to be affected by such testimony is situated, and a copy thereof published in some newspaper, to be designated by the judge making the order.

"Sec. 9014. Upon proof of the service of the notice provided in the last section, it shall be the duty of the judge before whom the testimony is ordered to be taken to proceed to take the testimony of the witnesses named in said petition, upon the facts therein set forth, and the taking of the same may be continued from time to time in the discretion of the judge.

"Sec. 9017. If the trial be had between the persons named in the petition as parties expectant, or their successors in interest, or between any parties wherein it may be material to establish the facts which such testimony proves or tends to prove, upon proof of the death or insanity of the witness or of his inability to attend the trial by reason of age, sickness, or settled infirmity, the testimony, or certified copies thereof, may be used by either party, subject to all legal objections. But if the parties attend at the examination, no objection to the form of an interrogatory shall be made at the trial unless the same was stated at the examination."

Relator seems to proceed upon the assumption that the application below was actually one for discovery rather than for perpetuation of testimony. Apparently this assumption is based on the fact that the testimony sought is that of the adverse party, which under the old equity practice would bring it within the field of discovery. However, the old equity distinction between party and witness would no longer appear valid. The inability to compel testimony of an adverse party no longer exists under our statutes, or for that part, anywhere, in the United States so far as we know. See State of Texas v. Chiles, 21 Wall. 488, 22 L.Ed. 650. If testimony of an adverse party may be taken there would

appear to be no reason why it should not be subject to perpetuation as well. See Allen v. Dist. Court, 69 Nev. 196, 245 P.2d 999.

Relator, insisting that the intended plaintiff is seeking "discovery" under the guise of "perpetuation" has favored us with a learned brief and able oral argument emphasizing the failure of the original petition for perpetuation to comply with the old equity requirements for discovery. She feels that she is supported in this by our recent opinion in Allen v. Dist. Court, supra. But an examination of the petition to perpetuate testimony and the order issued pursuant thereto discloses a literal compliance with the sections above quoted under the chapter heading "Perpetuating Testimony." For the purpose of obtaining an order for such perpetuation the petition need show nothing more than the statutory requirements. Kutner Goldstein Co. v. Superior Court, 212 Cal. 341, 298 P. 1001. And a substantial compliance with such requirements is all that is necessary. Eagle-Picher Lead Co. v. Mansfield Paint Co., 194 N.Y.S. 386, 201 App.Div. 223. Kutner Goldstein Co. v. Superior Court, supra. Relator seeks to distinguish the Kutner Goldstein case by pointing out a difference in the California statute, which difference however, does not appear to us to be material. She also relies upon the Allen case, supra, but the Allen case clearly dealt with discovery. Relator herself clearly recognizes the distinction. She says: "Review of the history of equity procedure on this point reveals a plain distinction between a bill of discovery and a suit to perpetuate testimony. The suit to perpetuate testimony was only for the conservation and preservation of testimony. The bill of discovery was to probe the conscience of an adversary and was not primarily to elicit testimony to be used at trial. Pomeroy's Treatise on Equity Jurisprudence. Volume 1, paragraph 82, page 107, Fifth Edition." Subject to our observation above, we see no objection to this characterization as far as it goes. Accepting it to

such extent, it is still clear that the original petition sought perpetuation rather than discovery. The facts sought to be established by the testimony are clearly within the knowledge of both parties, and the petitioner sought the perpetuation of relator's testimony relative to facts already known to the petitioner rather than a disclosure of facts. Petitioner did not seek to "probe the conscience" of relator. Such being the case and the petitioner for perpetuation having met all the formal requisites fixed by the statute, she was entitled to proceed and the relator is not entitled to the peremptory writ preventing the same.

The briefs of the parties discuss the new rules of procedure which will become effective January 1, 1953. It is true that such rules contain different requisites. We are, however, not concerned with them for purposes of the disposition of the present application other than to observe that this opinion will apparently have no force as precedent beyond the lapse of a few days.

The alternative writ is hereby vacated and the petition for the peremptory writ is denied and the proceedings dismissed, with costs to respondents.

BADT, C. J., and MERRILL, J., concur.