MARY E. FRYE, Ex'r of the Estate of Ella Wells, Deceased, Petitioner-Appellee, *v.* ANNA MASSIE *et al.*, Respondents-Appellants—(Harold Wells *et al.*, Respondents-Appellees).

Fifth District   No. 82—464

———

Opinion filed May 11, 1983.

Wesley J. Coulson, of Brazitis, Burke & Coulson, of Olney, for appellants.

Feiger, Quindry, Molt, Harvey, Fyie & Hawkins, of Fairfield (Morris Lane Harvey, of counsel), for appellee Mary E. Frye.

Alice M. Jordan, of Fairfield, for appellee Elmo Wells.

No brief filed for Kimberly Billington.

JUSTICE JONES delivered the opinion of the court:

This appeal involves an order entered in a proceeding to perpetuate testimony under Supreme Court Rule 217 (73 Ill. 2d R. 217). Petitioner Ella Wells initiated the proceeding in question to preserve her testimony regarding certain lawsuits she anticipated would be filed after her death, among them a contest of her will and a suit charging one of her daughters, Mary Frye, with maliciously interfering with the expectancy of Mrs. Wells' other natural heirs of receiving bequests from Mrs. Wells upon her death. During the course of her deposition, petitioner Wells refused to testify concerning the contents of her will, whereupon respondents-appellants, certain of her children and grandchildren, filed a motion to compel testimony on this issue. The trial court entered an order in which it found that information as to the contents of Mrs. Wells' will was protected from disclosure un-

der the attorney-client privilege and that petitioner Wells had not waived this privilege by filing her petition to perpetuate testimony. Respondents-appellants appeal from that order, contending that the trial court erred in its interpretation of the attorney-client privilege in the context of the instant Rule 217 proceeding. We find, however, that the order appealed from does not constitute a final judgment in this case, and we accordingly dismiss the instant appeal for lack of jurisdiction.

Ella Wells filed her petition to perpetuate testimony on March 20, 1982, after her attorney received a letter from counsel for respondents-appellants. In that letter counsel advised Mrs. Wells' attorney that his clients were contemplating filing suit against Ella Wells and her daughter, Mary Frye. The proposed complaint, a copy of which was attached to the letter, contained four counts, three of which sought to have a conveyance of a mineral interest from the grandchildren to Mrs. Wells declared null and void and a fourth which sought actual and punitive damages from Mary Frye for allegedly exercising undue influence over her mother for the purpose of obtaining a greater share of the estate of Ella Wells than she would otherwise receive. In his letter counsel for respondents-appellants requested that the contents of Mrs. Wells' will be made known to his clients so that an arrangement could be reached which would make it unnecessary to file the proposed suit. Counsel further stated that if the matter could not be resolved satisfactorily prior to the death of Ella Wells and if her testamentary disposition unfairly favored Mary Frye, it was the intention of his clients to bring suit against her on that basis.

On May 3, 1982, after Mrs. Wells' Rule 217 petition had been filed and served upon her children and grandchildren as respondents, counsel for respondents-appellants advised the court that the proposed four-count complaint had been filed against the petitioner and Mary Frye in the circuit court. Counsel requested the court to dismiss Mrs. Wells' petition to perpetuate testimony since the anticipated underlying suit had already been filed. The trial court denied this motion and granted Mrs. Wells' petition to perpetuate testimony.

Ella Wells' deposition was taken pursuant to her petition on June 9, 1982. She testified on direct examination regarding the circumstances surrounding the execution of her will and a codicil thereto. She stated specifically that she had never discussed the provisions of her will with her daughter Mary Frye and that her daughter had never suggested that she (Mrs. Wells) leave any part of her property to Mary.

Upon cross-examination counsel for respondents-appellants asked

Mrs. Wells the following question:

"In your will, do you provide that your children should share your property substantially equally?"

Mrs. Wells' attorney objected to the question and instructed his client not to answer any questions concerning the contents of her will. Counsel for respondents-appellants then certified the question to the trial court for a ruling on the objection. After hearing arguments of counsel, the trial court denied the respondents-appellants' motion to compel discovery from petitioner as to her proposed testamentary disposition. The court's order, entered June 24, 1982, stated in pertinent part:

"The contents of the will of Ella Wells are relevant to the issue of whether the disposition of her assets at her death as set forth in his [*sic*] will are in accordance with her wishes and independent of any request or influence of Mary Frye. However, the contents of the will of Ella Wells are subject to the attorney-client privilege; Ella Wells' filing of Petition to Take Deposition to Perpetuate her Testimony is not a waiver of her attorney-client privilege.

\* \* \*

Accordingly, Counsel Harvey's objection at the Deposition to Perpetuate Testimony is sustained and the Motion to Compel Discovery from Petitioner is denied."

Ella Wells died on June 28, 1982, and her executor, Mary Frye, was substituted as petitioner in the cause. On July 23, 1982, respondents-appellants filed their notice of appeal from the court's order of June 24.

In addressing the issue of this court's jurisdiction to hear the instant appeal, we note that we previously denied a motion to dismiss the appeal for lack of a final judgment. This ruling, however, does not preclude our consideration of the jurisdiction issue which has been further briefed by the parties on appeal. See 21 C.J.S. *Courts* sec. 195 (1940).

On the issue of the appealability of the court's order, respondents-appellants contend that the Rule 217 proceeding in question constituted a separate and independent proceeding which was effectively terminated by the court's order of June 24. As such, they assert, the order was a final judgment subject to appeal under Supreme Court Rule 301 (73 Ill. 2d R. 301). Respondents-appellants cite no authority for their contention but rather seek to distinguish the effect of the court's order in the instant Rule 217 proceeding from that of a similar order as to discovery matters in a cause being prepared for trial.

While the latter order would be subject to review upon appeal from a final judgment in the pending cause, such review would, they say, be foreclosed in a Rule 217 proceeding to perpetuate testimony in a suit which had not yet been filed. Respondents-appellants contend that this is especially so in the instant case where the petitioner sought to testify as to matters relevant in a lawsuit which could only be filed after her death. Since, under the court's order, respondents-appellants would be forever denied the right to cross-examine the petitioner concerning the contents of her will, they contend that the order must be considered as fully adjudicating the rights of the parties to the controversy before the court.

   ▉▉▉ Whether an order constitutes a "final judgment" for purposes of Rule 301 must be determined upon a consideration of the specific nature of the controversy and the effect of the order upon that controversy. (*People ex rel. Pollution Control Board v. Lloyd A. Fry Roofing Co.* (1972), 4 Ill. App. 3d 675, 281 N.E.2d 757.) An order is final if it terminates the litigation on the merits and determines the rights of the parties so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment. (*Petersen Brothers Plastics, Inc. v. Ullo* (1978), 57 Ill. App. 3d 625, 373 N.E.2d 416.) Generally, orders entered pursuant to discovery rules are interlocutory and not immediately appealable because, as preliminary orders in a pending case, they are reviewable on appeal from the final order in that case. (*People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167, 429 N.E.2d 483; see Johnston, *Discovery in Illinois and Federal Courts*, 15 J. Mar. L. Rev. 1, at 70-73 (1982).) Where, however, a discovery order finally concludes a proceeding begun against a witness, the order is final, though entered in the context of another proceeding, due to the separate and independent nature of the proceeding involved. (See, *e.g., People ex rel. Scott v. Silverstein*: contempt order imposing sanctions for failure to comply with discovery order is final because contempt proceeding is collateral to and independent of case in which contempt arises; *Laurent v. Brelji* (1979), 74 Ill. App. 3d 214, 392 N.E.2d 929: order compelling discovery in aid of administrative agency's investigations is final because discovery proceeding in circuit court is separate from administrative proceeding before agency; see also *Durkin v. Hey* (1941), 376 Ill. 292, 33 N.E.2d 463.) Thus, the appealability of the order in the instant case depends upon whether it is subject to review as part of an underlying case or whether the Rule 217 proceeding in question constituted a separate proceeding which could be said to be concluded by the court's order.

   Rule 217, pursuant to which petitioner Wells' testimony was

taken, provides in pertinent part:

"A person who desires to perpetuate his own testimony or that of another person *regarding any matter that is or may be cognizable in any court or proceeding* may file a verified petition in the court of the county *in which the action or proceeding might be brought or had* or in which one or more of the persons to be examined reside. The petition shall be entitled in the name of the petitioner as petitioner and *against all other expected parties* or interested persons, including unknown owners, as respondents and shall show: (i) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, (ii) the names or a description of the persons interested or whom he expects will be adverse parties \*\*\*, and (iii) the names and addresses of the persons to be examined, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition for the purpose of perpetuating their testimony." (Emphasis added.)

■ Although a Rule 217 proceeding is filed before an action has been commenced, its object is to preserve testimony for purposes of an anticipated suit. Rule 217 requires that the subject matter of the testimony "be cognizable in any court or proceeding" and contemplates that the party taking the deposition will be a party to the action. (*Cf.* section 39 of the Evidence Act (Ill. Rev. Stat. 1981, ch. 51, par. 39) which also deals with the perpetuation of testimony but which "may be used though no litigation is anticipated." (Ill. Ann. Stat., ch. 110A, par. 217, Historical and Practice Notes, at 214 (Smith-Hurd 1968).) Thus, rather than constituting a separate and independent action, a Rule 217 proceeding is dependent upon the proposed suit and must be viewed as part of that action. Since a Rule 217 petition seeks no relief other than to take a deposition for use in a contemplated action, an order entered in the course of the deposition is interlocutory and is subject to review only upon appeal from final judgment in the underlying cause.

In the instant case respondents-appellants' contemplated suit for damages for interference with an expectancy had been filed and was pending at the time the Rule 217 deposition was taken. While the proposed will contest action could not be filed until after petitioner Wells' death, there was nothing in the court's order to prevent such an action from being filed upon the admission of her will to probate. Thus, the propriety of the court's ruling would be subject to review upon appeal from final judgment in either case. We therefore find no

basis for the respondents-appellants' attempted distinction between discovery orders entered in a pending case and the court's order in the instant Rule 217 proceeding.

■ Unlike discovery orders, which are held to be appealable because they finally conclude a proceeding begun against a witness, the instant order neither terminated the litigation between the parties nor adjudicated the rights of the parties. Rather it was more in the nature of a ruling "in advance of trial" (see Supreme Court Rule 211(c)(4) (73 Ill. 2d R. 211(c)(4))) on an evidentiary matter that arose during discovery. The court's order did not preclude further Rule 217 discovery nor did it prevent respondents-appellants from proceeding with their contemplated actions. While the court's order effectively denied respondents-appellants the opportunity to cross-examine the petitioner regarding the contents of her will, this was due to the peculiar nature of the instant proceeding in the context of a will contest action and has no bearing on the finality of the order. Moreover, since the relief sought by respondents-appellants in this appeal, which is to have the petitioner's testimony regarding the execution of her will stricken, will be equally available upon appeal from final judgment in that action, respondents-appellants will not be prejudiced in their right to appeal from the court's ruling. For these reasons we find no merit in respondents-appellants' argument that the court's order was final in that it effectively terminated the litigation between the parties.

Due to the nature of a Rule 217 proceeding, a determination of the rights of the parties must await the court's action in the litigation anticipated in the Rule 217 petition. It cannot be said, therefore, that the rights of respondents-appellants were prejudiced by the court's ruling in the instant case, as the outcome of the anticipated litigation is uncertain. In a somewhat similar situation, the court in *Illinois Trust & Savings Bank v. Howard* (1900), 185 Ill. 332, 57 N.E. 39, held that the denial of a motion by the defendant in an ejectment suit, preparatory to trial, to compel the plaintiff to produce his deed for inspection as to its genuineness was not a final order from which an appeal would lie. In passing upon the defendant's contention that this decision was "final" against its right to inspect the deed and that it would prejudice the defendant in its defense of the cause, the court stated:

> "Whether the refusal of the court has prejudiced the defendant's rights in this case or injured the defendant in any way has not yet been determined. The defendant may succeed in the trial of the ejectment suit, and for aught that we know the judgment may be in its favor. Whatever the result may be, the

order is clearly interlocutory, relating only to a matter of practice in the course of the proceeding." (185 Ill. 332, 334, 57 N.E. 39, 40.)

Similarly, in the instant case, respondents-appellants' appeal is premature in that there is no showing that they have been prejudiced in their proposed litigation. See also *Moffat Coal Co. v. Industrial Com.* (1947), 397 Ill. 196, 73 N.E.2d 423.

Due to the interlocutory nature of the order in question, we are without jurisdiction to hear the instant appeal, and we accordingly dismiss the appeal.

Appeal dismissed.

HARRISON, P.J., and KARNS, J., concur.