**In the Matter of the Petition of Vincente ROSARIO, Richard Rosario, and Epifania Nieves.**

**No. 85–583–Y.**

United States District Court,
D. Massachusetts.

Jan. 31, 1986.

Rona Goodman, Quincy, Mass., for plaintiff.

Jeffrey Martin, Boston, Mass., for defendant.

YOUNG, District Judge.

The petitioners, Vincente Rosario ("Vincente"), his son, Richard Rosario ("Richard") and his mother, Epifania Nieves ("Epifania"), petitioned this Court, pursuant to Rule 27 of the Federal Rules of Civil Procedure, to perpetuate the testimony by deposition of certain named and unknown officials and employees of the Veteran's Administration Hospital ("the Hospital") located in Jamaica Plain, Massachusetts. This petition arises out of alleged malpractice committed upon Vincente on January 28, 1985 as the result of an arteriogram which, the petitioners assert, was performed negligently and may have been performed without Vincente's informed consent. The petitioners expect to be parties to an action cognizable in the United States District Court for the District of Massachusetts against the United States of America for personal injury caused by the Hospital to Vincente and for the loss of Vincente's consortium as the result of such injury to Richard and Epifania, Vincente's son and mother respectively.

This petition was later amended to change one of the named deponents and to add a second motion to permit the petitioners to have the prospective plaintiff Vincente examined by an expert of his own choosing without having a representative of the Hospital present during the examination. This second motion is necessary, the petitioners claim, because Vincente remains under the control of the anticipated adverse party and both Vincente's physical and financial conditions preclude his leaving the Hospital where the alleged malpractice occurred. Unless Vincente is allowed to have an unobserved examination, the petitioners argue, then the Hospital will be able to discover all the facts known to Vincente's expert, whether or not Vincente plans to call the expert at trial.

The United States filed a memorandum in opposition to the amended petition to perpetuate testimony on behalf of five of the named employees of the Hospital, but declined to represent three of the named individuals who are not now employed by the Hospital. The United States also noted that it was unable to respond to petitioners' request for testimony from certain unnamed persons ("all others who have treated petitioner Vincente Rosario during his hospital stay") because without specific identification of these persons, it may be impossible to determine whether the re-

quirements for Rule 27 depositions have been met with regard to each of these individuals. The United States also opposed the petition to permit unsupervised discovery, alleging that the Hospital has acted in good faith and is seeking to balance its responsibilities as a provider of Vincente's medical care with petitioners' efforts to prepare a medical malpractice suit.

For the reasons discussed below, both the amended petition to perpetuate testimony and the petition to permit unsupervised discovery are denied.

## I. The Petition to Perpetuate Testimony by Deposition

Federal Rule of Civil Procedure 27(a) provides that any person who desires to perpetuate testimony by deposition prior to the commencement of a civil suit may file a verified petition in the United States district court in the district of the residence of the expected adverse party seeking an order allowing such perpetuation. The Rule specifies certain elements which must be set forth in detail:

1. that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2. the subject matter of the expected action and his interest therein, 3. the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4. the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5. the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each....

Fed.R.Civ.P. 27(a)(1). Once these elements have been properly set forth, the court may make an order allowing pre-action depositions if it is satisfied that "the perpetuation of the testimony may prevent a failure or delay of justice...." Fed.R.Civ.P. 27(a)(3).

■ Numerous cases interpreting Rule 27 have recognized that the Rule applies "only in that special category of cases where it is necessary to prevent testimony from being lost." *Ash v. Cort*, 512 F.2d 909, 911 (3d Cir.1975). Rule 27 applies "to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately.... Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time." *Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y.1943) *quoted in Ash v. Cort, supra; accord, In re Wolfson*, 453 F.Supp. 1087, 1096 (S.D.N.Y.1978); *In re Boland*, 79 F.R.D. 665, 667 (D.D.C.1978). A Rule 27 petition may therefore be justified when a witness is aged or gravely injured and in danger of dying. *See, e.g., Texaco, Inc. v. Borda*, 383 F.2d 607, 609 (3d Cir.1967) (deposition of 71-year old witness allowed when the action is indefinitely stayed pending the outcome of parallel criminal proceeding).

The purpose of Rule 27 is also evidenced by the Advisory Committee's notes which state that the Rule was designed to conform with the then-existing equity practice and modern statutes. *See* Notes of Advisory Committee on Rules, Fed.R.Civ.P. 27. The Committee referred specifically to *Arizona v. State of California*, 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298 (1934), which stated that a bill in equity to perpetuate testimony must show, *inter alia*, that the immediate taking of testimony "is made necessary by the danger that it may be lost by delay." *Id.* at 347, 54 S.Ct. at 737.

■ In the present case, Vincente, Richard, and Epifania make no showing that the testimony which they seek to perpetuate is in any danger of being lost by delay. From the petition it appears that the only person involved in this case whose health is precarious is Vincente himself, but the petition does not seek to perpetuate his testimony, to the extent which that may be possible. Rather, the petitioners base their "need" to perpetuate testimony on an unsubstantiated claim that "there is a rapid

turnover of personnel at the aforementioned Veteran's Administration Hospital." Petition, ¶ 5. This allegation cannot, without more, suffice as a showing that testimony is in danger of being lost.

Vincente, Richard, and Epifania present no factual evidence concerning the numbers or rate of turnover at the Hospital. The only assertion which they make is that Vincente's attending physician at the Hospital, Dr. William Stone, is no longer employed by the Hospital. Therefore, petitioners' statement that because of this alleged turnover, prospective witnesses "may all be out of the jurisdiction of this Court," Petition, ¶ 5, is wholly conjectural. Since Rule 27 specifically requires that a petition be verified, Fed.R.Civ.P. 27(a)(1), conclusory allegations that testimony will be lost will not satisfy the Rule's verification requirement. *See, Ash v. Cort,* 512 F.2d at 913 and n. 16, *citing Mercantile National Bank at Dallas v. Franklin Life Insurance Co.,* 248 F.2d 57, 59 (5th Cir.1957).

With regard to the named individuals, the petitioners have failed to provide specific sworn facts sufficient to indicate that their testimony is in danger of being lost. Rather, it is the United States which has submitted affidavits from the prospective deponents which state that none of these persons have any current plans to leave their employment at the Hospital.

■ Additionally, even if it could be shown that there was a substantial likelihood that certain witnesses planned to leave the Hospital's employ, that alone would be insufficient to trigger the protections envisioned by Rule 27. Rule 27 was not designed to maximize the convenience of prospective litigants, but rather to "prevent a failure or delay of justice." Fed.R. Civ.P. Rule 27(a)(3). Because the Federal Rules provide for the issuance of subpoenas compelling depositions anywhere in the country, Fed.R.Civ.P. 45(d), to show a real danger of the loss of testimony petitioners would have to submit verified statements indicating that certain witnesses planned to leave the United States, and not just the Commonwealth of Massachusetts.

Accordingly, because this petition fails to provide such verification, it is DENIED.

## II. The Petition to Permit Unsupervised Discovery by Petitioners' Own Expert

■ The amendment to the petition to perpetuate testimony by deposition added a second "count" to the petition which would permit the petitioners to have Vincente examined by a qualified physician of petitioners' choosing without any supervision from the staff of the Hospital. Vincente, Richard, and Epifania assert that they must obtain this testimony from an expert witness who will then be able to testify at the trial on their behalf as to the medical condition of Vincente.

In the majority of malpractice actions the intended plaintiff is able to retain an expert who can discover facts outside the presence of the intended defendant. Once the legal action is commenced, Fed.R.Civ.P. Rule 26(b)(4) restricts the right of the adverse party to learn about information held by this expert. If the expert is to be called at trial, the expert need only disclose "the subject matter on which the expert is expected to testify, and ... the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion." Fed.R. Civ.P. Rule 26(b)(4)(A)(i). If the expert is not to be called, Rule 26(b)(4)(B) further restricts the adverse party's access to the expert's facts or opinions.

Apparently, the Hospital has refused to allow petitioners' expert, Dr. Terrence Riley, to examine Vincente without a member of the Hospital's staff being present during the examination. The petitioners contend that the Hospital's refusal represents an attempt by the Hospital to discover matters not properly discoverable by the United States as a defendant pursuant to Fed.R. Civ.P. Rule 26(b)(4). Therefore, it is the petitioners' assertion that because Vincente's physical and financial conditions preclude his leaving the control of the Hospital, the Hospital is refusing permission for an unsupervised examination in an at-

tempt to "oppress" their discovery process in violation of Fed.R.Civ.P. Rule 26(c).

According to an affidavit submitted by Leon Marks, Chief of Staff of the Hospital, "... in the examination of a severely disabled patient, it is customary practice in the medical community to have a staff person, either a physician or a nurse, present to assist the examining physician, and at the same time, to assure the patient's safety and to prevent any [actions] ... which would be harmful to him or inconsistent with the course of care determined by the [Hospital's] physicians." (Affidavit of Leon Marks, ¶ 4). The petitioners argue that this is "just a pretense" (Affidavit of Rona Goodman, ¶ 12) because many persons who are less qualified than their expert "lay their hands on Vincente every day." *Id.*

What the petitioners fail to consider, however, is that the Hospital is responsible for the care of its patient while the patient remains under its control. All of the medical students, interns, residents and occupational therapists who treat Vincente are associated with the Hospital, and the Hospital is responsible for their actions. Although sympathetic to Vincente's condition, the Court concludes that the Hospital has shown a good faith effort to balance its responsibilities as provider of Vincente's medical care with petitioners' efforts to prepare a medical malpractice suit. While the Hospital, by having a staff member present during the examination, may learn the facts upon which petitioners' expert will base his opinion, these facts would be subject to discovery under Rule 26(b)(4) in the event he were to testify at trial.

Accordingly, the petition to permit unsupervised discovery is DENIED.