OPINION

Per Curiam:

This is an appeal from an order of the district court granting the verified petition of respondents to perpetuate testimony pursuant to NRCP 27.
On May 25, 1993, respondents filed a verified petition to perpetuate testimony, pursuant to NRCP 27. The petition alleged that respondents’ son Erik Dailey suffered a devastating permanent physical injury after undergoing surgery at Sunrise Hospital. The petition alleged that medical records were missing from Erik’s medical chart. Respondents requested that they receive *951 code sheets, videos, information concerning reports, and information concerning hospital employees from appellants. Respondents requested an order allowing respondents to depose all nurses present during Erik’s operation, numerous medical records, department staff members, and other hospital personnel. On June 24, 1993, the district court granted respondents’ petition to perpetuate the testimony. This appeal followed.
The right to appeal is statutory. Where no statutory authority to appeal is granted, no right exists. Taylor Constr. Co. v. Hilton Hotels, 100 Nev. 207, 678 P.2d 1152 (1984); Kokkos v. Tsalikis, 91 Nev. 24, 530 P.2d 756 (1975). There is no specific statute or rule which permits an appeal from an order granting or denying a petition to perpetuate testimony pursuant to NRCP 27. Appellants argue that the order of the district court constitutes a final judgment because it disposes of the issues presented. See NRAP 3A(b)(1) (appeal will lie from a final judgment). We disagree. Although entitled a “petition,” a pleading filed pursuant to NRCP 27 does not commence a separate action in the district court; instead, the sole purpose of the petition is to perpetuate testimony when no action may presently be commenced. Further, an order resolving a petition to perpetuate testimony provides no relief to a party other than to permit or deny discovery to the party for use in a contemplated action. See Frye v. Massie, 450 N.E.2d 411 (Ill.App. 1983). An order granting or denying a petition to perpetuate testimony is interlocutory in nature and does not adjudicate the rights of any party.
We conclude that an order granting or denying a petition to perpetuate testimony, pursuant to NRCP 27, is not independently appealable. However, we have previously considered challenges to orders concerning the perpetuation of testimony through petitions for writs of mandamus and writs of prohibition. See State Ex Rel. Beck v. Dist. Ct., 70 Nev. 1, 251 P.2d 854 (1953); State v. District Court, 69 Nev. 196, 245 P.2d 999 (1952). We conclude that the proper method for challenging an order granting or denying a petition to perpetuate testimony, pursuant to NRCP 27, is to file a petition in this court for extraordinary relief. Accordingly, we order this appeal dismissed without prejudice to appellants’ right to seek this court’s intervention by way of extraordinary writ.[1]

The stay previously issued by this court shall remain in effect until such time as the remittitur in this appeal issues. See NRAP 41(a) (the remittitur of the court shall issue fifteen days after the entry of judgment). We deny as moot appellants’ motion for extensions of time to transmit the record on appeal.