SUNRISE HOSPITAL, JANE FREDERICKS, STEVE WILSON, KAREN FORNOFF AND "RUBEN," PETITIONERS, v. THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK, AND THE HONORABLE GERARD J. BONGIOVANNI, DISTRICT JUDGE, RESPONDENTS, AND KEVIN DAILEY AND ELIZABETH DAILEY, REAL PARTIES IN INTEREST.

No. 24897

January 20, 1994                              866 P.2d 1143

*Earley & Dickinson,* Las Vegas, for Petitioners.

*Pearson & Patton; Thorndal, Backus, Maupin & Armstrong;* and *Galatz, Earl & Bulla,* Las Vegas, for Real Parties in Interest.

## OPINION

*Per Curiam:*

This petition for a writ of mandamus, or in the alternative, a writ of prohibition, challenges an order of the district court granting real parties in interest's petition to perpetuate testimony pursuant to NRCP 27. Petitioners (collectively "Sunrise Hospital") contend that the district court abused its discretion by granting a pre-complaint petition to perpetuate testimony in contemplation of a medical malpractice action against Sunrise Hospital. We agree.

On May 25, 1993, real parties in interest Elizabeth and Kevin Dailey filed in the district court a verified petition to perpetuate testimony on behalf of their infant son, Erik. The Daileys alleged that Erik suffered devastating permanent physical injuries after undergoing surgery at Sunrise Hospital. In their petition, the Daileys stated that they had sought Erik's full medical record from Sunrise Hospital and that the "most crucial portions of the records have either been lost, or delayed in appearing in the medical chart or have never appeared in the medical chart." The Daileys stated in their petition that "without viewing the original transcription of the reports and the identification of the personnel transcribing those reports and information from Sunrise Hospital on the deficiency notices and attempts to procure the tardy reports, the evidence of the authenticity of the operative reports may not be preserved." Finally, the Daileys declared that it is essential before commencing any Medical-Screening Panel claim

against Sunrise Hospital that certain documents and testimony be obtained and preserved. The Daileys requested an order permitting them to take numerous depositions and engage in extensive discovery. Sunrise Hospital opposed the Daileys' petition to perpetuate testimony.

On June 24, 1993, the district court conducted a hearing regarding the Daileys' petition. On June 25, 1993, the district court entered its order granting the Daileys' petition to perpetuate testimony pursuant to NRCP 27. The district court commanded Sunrise Hospital to provide the Daileys with numerous records and materials. The district court also permitted the Daileys to take depositions of many hospital employees.

The district court ordered the extensive discovery in this case pursuant to NRCP 27, which provides for the perpetuation of testimony in limited circumstances.[1] NRCP 27(a), in relevant part, provides the following:

> (1) *Petition.* A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of the State may file a verified petition in a district court. The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the State but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
>
> . . . .
>
> (3) *Order and Examination.* If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or

---

[1]For example, Sunrise Hospital's representatives suggested that compliance with the district court's order would require one full-time employee more than one month to compile and copy the volumes of subpoenaed documents. The district court order provided that the Daileys could depose all nursing personnel present in the operative suites during Erik's operations, all other hospital personnel present during the operations, several records department employees and the persons most knowledgeable about numerous documents.

describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories.

Numerous courts have construed their counterparts to NRCP 27 to limit the perpetuation of testimony to a limited category of cases where it is necessary to prevent testimony from being lost before the complaint can be filed. *See* Ash v. Cort, 512 F.2d 909 (3d Cir. 1975); Petition of Rosario, 109 F.R.D. 368 (D. Mass 1986); In re Boland, 79 F.R.D. 665 (D.D.C. 1978); Petition of Ferkauf, 3 F.R.D. 89 (S.D.N.Y. 1943). "A rule 27 petition may therefore be justified when a witness is aged or gravely injured and in danger of dying." *Rosario,* 109 F.R.D. at 370. Because rule 27 specifically requires that a petition be verified, conclusory allegations that testimony will be lost will not satisfy the rule's verification requirement. *Id.* at 371. Courts have concluded that if the petitioner fails to show a substantial danger of the loss of evidence, the petitioner cannot take advantage of rule 27 merely for the purpose of obtaining facts on which to base a complaint. *See, e.g.,* Harmon v. Mercy Hosp., 460 N.W.2d 404 (N.D. 1990). Courts generally agree that to allow rule 27 to be used "to fish for some ground for bringing suit" would be an abuse of the rule. Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2071 at 332-33 (1970).

Perpetuation of testimony pursuant to NRCP 27 is not intended as a substitution for discovery. "The purpose of the perpetuation rule, NRCP 27, is to provide an ancillary proceeding to prevent a failure of justice by preserving testimony which otherwise would be lost before the matter to which it relates is ripe for judicial determination." Cardinal v. Zonneveld, 89 Nev. 403, 405, 514 P.2d 204, 205 (1973). NRCP 27 is available in special circumstances to preserve testimony which could otherwise be lost due to some occurrence other than the mere passage of time. *See* Ash v. Cort, 512 F.2d 909 (3d Cir. 1975).

The Daileys failed to demonstrate in their petition below why the evidence they seek to preserve will be lost. A district court may not grant a petition to perpetuate testimony pursuant to NRCP 27, for the sole purpose of allowing the petitioner to obtain information with which to formulate the petitioner's complaint. An order permitting the perpetuation of testimony is to be granted only in extraordinary circumstances. Further, an order permitting the perpetuation of testimony should be limited to that evidence which will likely be lost or destroyed without the order.

The extraordinary circumstances necessary to justify the perpetuation of testimony have not been established in this case.

The analysis provided above is applicable to any petition for the perpetuation of testimony. The following analysis is applicable to cases involving medical malpractice.

A petition to perpetuate testimony pursuant to NRCP 27 may be granted only if the petitioner demonstrates that "the petitioner expects to be a party to an action cognizable in a court of the State but is presently unable to bring it or cause it to be brought." NRCP 27(a)(1). A medical malpractice action is commenced with the submission of a case to the medical malpractice screening panel. NRS 41A.016, NRS 41A.039. The Daileys did not demonstrate in the district court that they are presently unable to submit their case to the medical malpractice screening panel. This precondition was not met; therefore, the rule does not apply, and the district court erred in granting the petition to perpetuate testimony.

In addition, the purposes of the medical malpractice screening panel would be frustrated if district courts permitted extensive pre-complaint discovery. "The purposes of the screening panel are to minimize frivolous suits against doctors, to encourage settlement, and to lower the costs of malpractice premiums and health care." Jain v. McFarland, 109 Nev. 465, 471, 851 P.2d 450, 455 (1993). In designing the medical malpractice screening panel system, the legislature sought to balance the needs of complainants and the need to lower health care costs. We are hesitant to interfere with that balance. The legislature has provided a means of discovery in medical malpractice actions. NRS 41A.046, in part, provides the following:

> 1. The department [of insurance] may, by certified or registered mail, issue subp[o]enas as may be required by the screening panel, to compel the attendance of expert witnesses and, as may be required by the parties or the screening panel, to compel the production of books, papers, health care records, statements of policy and procedure or other materials.
> 2. The department shall keep the material so produced and make it available to the parties, upon request, for inspection or copying. If the material is reasonably capable of being copied, the department shall provide a copy to the parties, upon request and receipt of a fee for the copying.

Where, as here, the legislature has provided a specific means of obtaining and enforcing discovery, that procedure is to be followed by the parties. *See* NRS 41A.046(3), (4), and (5). The

broad discovery permitted by the district court in this case would frustrate the purposes of the medical malpractice screening panel. Although there may be limited circumstances in which a party could obtain the perpetuation of testimony pursuant to NRCP 27, in a medical malpractice case, those extraordinary circumstances have not been demonstrated in this case.

A writ of mandamus is available to compel the performance of an act which the law requires as a duty resulting from an office, trust or station, NRS 34.160, or to control an arbitrary or capricious exercise of discretion. *See* Round Hill Gen. Imp. Dist. v. Newman, 97 Nev. 601, 637 P.2d 534 (1981). A petition for a writ of mandamus is the proper vehicle for challenging a district court's abuse of discretion in granting a petition for the perpetuation of testimony pursuant to NRCP 27. Sunrise Hospital v. Dailey, 109 Nev. 950, 860 P.2d 162 (1993). In this case, the district court abused its discretion in granting the Dailey's petition to perpetuate testimony. Accordingly, we grant this petition. The clerk of this court shall forthwith issue a writ of mandamus compelling the district court to vacate its order granting the petition to perpetuate testimony and directing the district court to dismiss the petition.