RALPH CARDINAL, Appellant, *v.* JACK T. ZONNEVELD, Respondent.

No. 6984

September 27, 1973                    514 P.2d 204

*Breen, Young, Whitehead & Hoy* and *David R. Belding,* of Reno, for Appellant.

*Vargas, Bartlett & Dixon* and *J. Rayner Kjeldsen,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, C. J.:

This appeal from a judgment entered upon a jury verdict for the defendant in a personal injury action presents two questions for our consideration. The first question concerns the reception of certain deposition testimony, and the second, the exclusion of proffered opinion testimony. It is the appellant's contention that each ruling constituted reversible error.

The plaintiff-appellant, Ralph Cardinal, sustained serious personal injuries in an automobile collision. The automobile in which he was riding was driven by his wife, Grace, and collided with an automobile driven by the defendant-respondent, Jack Zonneveld. Mr. Zonneveld's niece, Margaretha Mimpen, of Holland, then present in this country on a visitor's visa, was

riding with him. The collision occurred at the controlled intersection of Kietzke Lane and Second Street in Reno, Nevada. The driver of each vehicle contended that the other ran a red stop light thus proximately causing the collision. There were three percipient witnesses, the two drivers and Margaretha Mimpen. The plaintiff, Ralph Cardinal, was unable to relate what had occurred.

The trial court received in evidence the deposition of Margaretha Mimpen. Counsel for the plaintiff objected thereto for reasons hereafter to be discussed. Mimpen's testimony, for the most part, corroborated that given at the trial by the defendant, Zonneveld, and was adverse to the evidence given by Grace Cardinal who drove the car in which the plaintiff was riding.

The trial court declined to receive certain opinion testimony as to the speed of the Cardinal vehicle on the ground that a proper foundation therefor was lacking. That evidence, if received, would have tended to corroborate that given by Mrs. Cardinal on the point. We turn to consider these rulings.

1. The Mimpen deposition was taken before this action was commenced pursuant to the verified petition of Zonneveld to perpetuate her (Mimpen's) testimony, and the order of court entered thereon. The purpose of the perpetuation rule, NRCP 27, is to provide an ancillary proceeding to prevent a failure of justice by preserving testimony which otherwise would be lost before the matter to which it relates is ripe for judicial determination. DeWagenknecht v. Stinnes, 250 F.2d 414 (D.C.Cir. 1957).

The plaintiff objected to the use of that deposition as evidence at trial mainly upon the ground that the requirements of notice and service specified in subdivision 2 of Rule 27 were not satisfied. That portion of the Rule provides that "[t]he petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition." Moreover, it provides that such notice shall be served in the manner provided in Rule 4 for the service of summons.

In this case, the petition for perpetuation named Grace Cardinal and Jack Cardinal as the expected adverse parties,

and that each lived at the same address.[1] Service of notice and a copy of the petition, however, was made only upon Grace Cardinal. A copy of the notice and petition was not served upon Ralph Cardinal, nor did the process server leave an additional copy of the notice and petition with Grace for delivery to her husband who occupied the same abode.[2]

When the deposition of Margaretha Mimpen was taken the record reflects only that Grace Cardinal and Jack Zonneveld were represented by counsel. The record does not show that Ralph Cardinal was represented.

As previously noted, the Rule provides that the "notice shall be served in the same manner provided in Rule 4 for service of summons." In considering Rule 4 this court, in Doyle v. Jorgensen, 82 Nev. 196, 200, 414 P.2d 707 (1966), ruled that "[e]ach defendant must be served a copy of the summons, even though both may share the same place of abode and may even be members of the same family." Since one of the defendants in that case was not served with a copy of the summons, the default judgment entered against him was void. Id. at 201. By a parity of reasoning, the plaintiff-appellant here contends that the deposition of Margaretha Mimpen was ineffective and void for the purposes of trial evidence against him.

The analogy to Doyle v. Jorgensen is valid insofar as the manner of effecting service is concerned. A copy of the notice and petition should have been served upon Ralph Cardinal, or an additional copy thereof left for him with his wife, Grace. Beyond this, however, Doyle v. Jorgensen is inapposite, since it did not concern the use of a deposition as evidence, but rather involved the validity of a default judgment entered upon defective service of process, an entirely different matter, possessing different consequences to the litigants.

In a slightly different context, the court in Ikerd v. Lapworth, 435 F.2d 197 (7th Cir. 1970), made the following observation. "Although it is generally the rule that a deposition is not admissible as to one not having the opportunity to be represented at its taking, the presence of an adversary with the same motive to cross-examine the deponent and identity of issues in the case in which the deposition was taken with the

---

[1]The misnomer regarding Mr. Cardinal's first name, Jack instead of Ralph, apparently resulted from an incorrect police report. The address was correct for Grace and Ralph Cardinal. We regard this mistake as insignificant in the context of this case.

[2]NRCP 4(d)(6) allows a copy to be left "at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."

one in which it is sought to be used provide a well recognized exception to the rule. . . . In such case the purpose of Rule 26(d)—to ensure that the deposition is taken under adversarial circumstances—is substantially satisfied." This rationale is suited to the case before us. Ralph and Grace Cardinal, husband and wife, lived in the same house. Their interests in the anticipated litigation were substantially similar. Attorney Barbagelata was their friend. The issue of fault to be explored through the questioning of the deponent Mimpen was the critical issue of the litigation all believed would ensue. We perceive no basis upon which to assume that the cross-examination of Mimpen would have been substantially different had separate counsel for Ralph had the opportunity to participate therein. Neither does the record suggest that Ralph Cardinal suffered any prejudice due to the fact that his own counsel was not present when Mimpen was deposed.

A trial is a search for truth. The testimony of every eyewitness to an accident is helpful in the pursuit of a just and fair trial. Margaretha Mimpen was a percipient witness—one of three. If this case were to be tried once more, her testimony would be procured and submitted to the jury and the record of evidence would be the same as the record now before us. For all of these reasons, we deem the failure to strictly comply with Rule 27(a)(2) to be at most harmless error in the context of this case. NRCP 61. Other objections to the admissibility of the Mimpen deposition are without substance.

2. The trial court would not allow Stephen Blewett, an expert physicist, to give his opinion as to the speed of the Cardinal vehicle at the time of collision.[3] Had he been permitted to do so he would have fixed the speed at about 10 m.p.h. The judge apparently believed that the witness did not possess sufficient factual data upon which to base an opinion, and for that reason precluded the same. Levine v. Remolif, 80 Nev. 168, 390 P.2d 718 (1964).

We need not decide whether the judge properly construed the Levine decision since we are wholly unable to perceive how the proffered opinion was critical to the jury's decision.

---

[3]As a general proposition, the competency of an expert to offer his opinion is for the sound discretion of the trial judge and his ruling will not be disturbed unless a clear abuse is shown. Levine v. Remolif, 80 Nev. 168, 390 P.2d 718 (1964); So. Nevada Plumbing v. Adelson, 79 Nev. 233, 381 P.2d 232 (1963); Lockart v. Maclean, 77 Nev. 210, 361 P.2d 670 (1961); see also: Choat v. McDorman, 86 Nev. 332, 468 P.2d 354 (1970).

Mr. Blewett was permitted to testify that since the cars came to rest almost at impact, neither could have been proceeding at a high speed. His testimony corroborated that given by Mrs. Cardinal that she was proceeding slowly. Neither was there a conflict in the evidence as to the speed at which the Zonneveld car was traveling. All who testified on that point surmised his speed to be about 25 m.p.h. The crucial issue was not speed, but rather which driver ran the red light. The jury evidently decided that issue against Mrs. Cardinal. In these circumstances we cannot find that the substantial rights of the plaintiff-appellant were prejudiced by the exclusionary ruling. NRCP 61.

Affirmed.

MOWBRAY, GUNDERSON, BATJER, and ZENOFF, JJ., concur.