In Re: Appeal of New Castle Central Renewal Associates from the Board of Assessment Appeals of Lawrence County, Pennsylvania. New Castle Central Renewal Associates, Appellant.

Argued May 4, 1978, before Judges MENCER, ROGERS and DISALLE, sitting as a panel of three.

*Frederick A. Boehm*, with him *John P. Klee*, and *Baskin, Boreman, Wilner, Sachs, Gondelman & Craig*, for appellant.

*Frank G. Verterano,* County Solicitor, for appellee.

OPINION BY JUDGE MENCER, July 14, 1978:

New Castle Central Renewal Associates (Central) was the owner of two tracts of land in downtown New Castle, Pennsylvania. The two tracts are contiguous and rectangular, with overall dimensions of approximately 442 feet by 326 feet, and built thereon are two banks, two drive-in banking facilities, and eight other rental units, in addition to a parking area.

The Board of Assessment Appeals of Lawrence County (Board) fixed the market value of Central's property for 1976 at $1,682,233 and the assessed value at 30 percent of market value, or $504,670. On appeal by Central, the court below fixed the market value of Central's property at $1,143,804 and the assessed value for tax purposes at $343,250. From the final order which dismissed exceptions filed by both Central and the Board, Central took this appeal.

Our review of the court's determination is very limited. As we stated in *Pittsburgh Miracle Mile Town and Country Shopping Center, Inc., Tax Appeals,* 6 Pa. Commonwealth Ct. 187, 196, 294 A.2d 226, 231 (1972), "[t]he dimensions of our review in this kind of case are small. The findings of the court of common pleas must be given great force and may not be set aside by us unless clear error appears."

Central's first contention is that the court below erred in not considering the testimony of W. Henry Wettich. Mr. Wettich was the former Chief Assessor for Lawrence County, and his testimony was taken by deposition. Central offered this deposition for the purposes of establishing the assessment procedures followed in Lawrence County and of showing that the assessment in question was incorrectly made. The solicitor for Lawrence County objected to the admis-

sion of the deposition, and the court reserved ruling on its admissibility. Our search of the record does not reveal any subsequent ruling by the court relative to this deposition. Also, the record does not reveal any further attempt by counsel to introduce the deposition in evidence or to invite the court's attention to its oversight in failing to rule on the admissibility of the deposition.

However, the proceeding before the court below was de novo, and the court, on the basis of evidence in the record, determined the market value of the property in question. *Pocono Downs, Inc. v. Board for Assessment and Revision of Taxes,* 11 Pa. Commonwealth Ct. 81, 312 A.2d 452 (1973). The court based its decision upon the testimony of expert witnesses and did not consider the assessments made by the Board in arriving at its findings of fair market value. Therefore Central suffered no prejudice because of its inability to have the deposition pertaining to the method of assessment admitted.

Central next objects to the court's ruling that Claude N. Butler, called by the County, was allowed to offer testimony as an expert witness. Central contends that, since Mr. Butler is not a licensed real estate broker in this Commonwealth but is qualified only to act as a real estate salesman, he is not permitted to appraise real estate  The qualifications of an expert witness is a matter for the discretion of the trial judge and his ruling in that regard will not be reversed by an appellate court except in case of clear error. *Stevenson v. East Deer Township,* 379 Pa. 103, 108 A.2d 815 (1954).

Ample evidence exists in the record to support the trial court's ruling on this issue. Claude N. Butler was a senior member of the American Society of Appraisers and had been, since 1948, involved full time in appraising real estate. He had testified as an ex-

pert real estate appraiser in cases tried in the Counties of Lehigh, Lycoming, Indiana, Cambria, and Mifflin, and in the State of New York. He also had attended seminars on residential, commercial, and industrial appraising. He testified that, during his 28 years of appraising real estate, he had appraised properties in the States of Mississippi, Georgia, North Carolina, Ohio, Delaware, Indiana, Florida, Tennessee, New Jersey, and Pennsylvania. There was no clear error in admitting his testimony. "The standard of qualification is a liberal one: 'If a witness "has any reasonable pretension to specialized knowledge on the subject under investigation he may testify, and the weight to be given to his evidence is for the jury [factfinder] : [citations omitted] . . . ." McCullough v. Holland Furnace Co., 293 Pa. 45, 49 [141 A. 631, 632 (1928)].' " *Kuisis v. Baldwin-Lima-Hamilton Corp.,* 457 Pa. 321, 338, 319 A.2d 914, 924 (1974).

Central contends that the trial court erred in considering costs in determining the fair market value of its property. It is true that reproduction cost has no probative value for any purpose in determining the fair market value of improved real estate for tax purposes. *Pennsylvania's Northern Lights Shoppers City, Inc. Appeal,* 419 Pa. 31, 213 A.2d 268 (1965). Although the trial court acknowledged this concept, it included the following paragraph in its opinion:

> Mr. Julian Fine, the appellant's expert, utilized the capitalization of income approach. He used a 13½% capitalization rate and arrived at a low value of $404,350 and a high value of $850,000. His approach is sound insofar as it goes, but it overlooks the following significant fact. The two banking structures contain approximately $600,000 of additional expense, part of which should be treated as real estate, and subject to rent and capitalization. The

record is silent on what amount of that should be so treated.

However we are of the view that the trial court did not consider costs in the sense of utilizing a cost approach to determine value, as prohibited by the holding in *Pennsylvania's Northern Lights Shoppers City, Inc. Appeal supra.* The court did express concern over Mr. Fine's failure to consider the $600,000 improvements to the premises made by the banking institutions in determining whether the rent paid was a reasonable rent. The court was merely recognizing that the tenant was paying his rent partly in cash and partly in improvements to the structure and therefore an upward adjustment to the cash rent should have been made before capitalizing the rent to arrive at a fair market figure. We cannot conclude that his observation in this regard was error nor that it was in contravention to the rule precluding consideration of reproduction cost in determining fair market value.

Central's final argument is that the lower court erred as a matter of law in determining the fair market value of its property. The fair market value of the property was established prima facie when the Board introduced the assessment record, and the burden shifted to Central to show by credible evidence that such valuation was not the proper one. *Deitch Co. v. Board of Property Assessment*, 417 Pa. 213, 209 A.2d 397 (1965). Central argues (1) that the deposition of Mr. Wettich would have established that the method used by the Board to assess its real estate was improper (2) that the testimony of Mr. Butler was not admissible and of no probative value because he was not qualified as an expert, and (3) that the trial court was in error in not accepting Mr. Fine's valuation since it remained as the only record evidence that was relevant, credible and unrebutted.

*Rieck Ice Cream Co. Appeal,* 417 Pa. 240, 209 A.2d 383 (1965). The initial difficulty with this argument is that as we have discussed earlier in this opinion, the trial court did not admit into evidence the deposition of Mr. Wettich and its failure to do so did not prejudice Central since the hearing before the court was de novo and the court's determination of fair market value was not based upon the Board's assessments or their correctness but on the basis of valuation testimony entered of record in the de novo hearing. Further, the argument is premised on the conclusion that Mr. Butler's testimony was inadmissible and should not have been considered by the trial court. As discussed earlier, the trial court did not err in admitting or considering the testimony of Mr. Butler. Therefore, the trial court was not restricted to a consideration of the unrebutted testimony of Mr. Fine but rather had to weigh and compare the conflicting testimony of experts whose opinions of values varied widely. The case was tried without a jury, and the judge, as trier of fact, had the duty of passing upon the credibility and weight to be accorded all testimony in arriving at his own determination of fair market value.

In conclusion, we repeat what we stated in *Pocono Downs, Inc. v. Board for Assessment and Revision of Taxes, supra,* where we quoted Justice PATTERSON in *Chestnut Street Tax Assessment Case,* 361 Pa. 231, 234, 64 A.2d 769, 770 (1949):

> In tax assessment cases, the findings of the court below determining the value of the property will not be disturbed on appeal unless clear error is made to appear: Felin v. Philadelphia, 354 Pa. 317, 319, 47 A.2d 227 [1946]. Upon a review of the entire record we are not convinced that the court below committed such error. Order affirmed.

ORDER

AND Now, this 14th day of July, 1978, the order of the Court of Common Pleas of Lawrence County in the above captioned case, dated April 14, 1977, is hereby affirmed.