MARY PROVENCE, HAROLD LESTER PROVENCE, CARMEN MARIE HAMMARI, BEVERLY JOYCE ATCHISON, DALE FREDRICK PROVENCE, AND JUNE MARIE ANDRUS AS GUARDIAN OF THE PERSON AND ESTATE OF MARY KATHLEEN PROVENCE, AN INCOMPETENT, APPELLANTS, *v.* JACK ARVIL CUNNINGHAM AND OUTDOOR PRODUCTS COMPANY, INC., RESPONDENTS.

No. 9426

January 11, 1979                               588 P.2d 1020

---

*Bradley & Drendel, Ltd.,* Reno, for Appellants.

*Wait, Shamberger, Georgeson & McQuaid,* Reno, for Respondents.

## OPINION

*Per Curiam:*

### THE FACTS

This case is focused on the collision of a southbound motorcycle and a northbound truck on Highway 395 south of Carson City, Nevada, in which the motorcycle driver, Harold Provence, was fatally injured. A negligence action against the driver of the truck, respondent Cunningham, and his employer, respondent Outdoor Products Company, Inc., resulted in a jury verdict for defendants. The sole assignment of error by plaintiffs on appeal is that the trial court erred in admitting the testimony of an accident reconstruction expert regarding the point of impact between the truck and motorcycle.

The accident occurred on the night of May 29, 1975, on a straight and level portion of Highway 395, some seven miles south of Carson City. The highway at this point consists of a northbound and a southbound lane, each approximately 12 feet wide, divided by a center line. Physical evidence after the accident revealed considerable damage to the left-front portion of each vehicle. A fresh oil deposit was found some three feet inside the southbound lane. A series of scrape or gouge marks

were also found in the southbound lane, leading to the resting place of the motorcycle off the west shoulder of the highway. Debris was generally scattered to the west of the center line.

Defendant Cunningham testified that he was engaged in a brief conversation with his passenger and did not see the motorcycle until he had turned the truck around to investigate after he heard an impact. He also testified that he was driving in his own lane before, and immediately after, the impact. Provence's wife was permitted to testify that before his death, Provence had said, "I saw the lights coming towards me, and I knew he was going to hit me. I tried to get over as far as I could, but I couldn't get out of his way."

Plaintiffs' theory of the case was that the accident occurred as a result of the truck crossing into the motorcycle's southbound lane. Their first witness was James H. Ruble of the Nevada Highway Patrol, whom they qualified as an expert. The officer testified that in his opinion the area of impact was at the point where the oil deposit was located and the gouge marks began, approximately three feet west of the center line in the southbound lane. On cross-examination he conceded that his conclusions were based upon the assumption that the motorcycle was knocked to its side on the pavement immediately upon impact.

Following presentation of plaintiffs' evidence, defendants called Lindley Manning, an associate professor of mechanical engineering at the University of Nevada, Reno, who had been involved in accident investigation for some ten years. No objection was made to Professor Manning's qualification as an expert. The witness described his investigation of the accident at issue, which involved review of the police photographs taken at the scene, showing the gouge marks, oil deposit, several views of the damage to each vehicle, and the resting place of the motorcycle; review of the officer's scaled diagram of the location of the gouge marks, oil deposit, and resting place of the motorcycle; a visit to the accident scene, at which he testified he was able to locate the gouge marks from the photographs and diagram; and use of the measurements of the truck and several motorcycles of the type driven by Provence.

The witness was allowed to testify, over objection, that on the basis of the information available to him, he was able to conclude that the motorcycle was not knocked to the pavement immediately upon impact, but rather continued to travel for some distance before striking the pavement. The witness further testified that the precise area of impact could not be determined on the basis of the available information, since the angle of impact and speed of the vehicles were unknown, and no

marks were made by the motorcycle upon the pavement at the time impact occurred. He did testify as to a "range of probabilities", which included the possibility that the accident had occurred in the northbound lane.

Following the jury's verdict for defendants, plaintiffs moved for a new trial on the ground that Professor Manning's testimony had been erroneously admitted. They appeal both the judgment and the court's denial of this motion.

## THE ISSUE PRESENTED

Admission of expert testimony is generally a matter left to the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a showing by appellants that such discretion was abused. Levine v. Remolif, 80 Nev. 168, 172, 390 P.2d 718 (1964); Kettle v. Smircich, 415 S.W.2d 935 (Tex.Civ.App. 1967); Tuck v. Buller, 311 P.2d 212 (Okla. 1957).

Appellants have cited Nevada cases upholding or requiring the exclusion of expert accident reconstruction opinion. Powers v. Johnson, 92 Nev. 609, 555 P.2d 1235 (1976); Gordon v. Hurtado, 91 Nev. 641, 541 P.2d 533 (1975); Choat v. McDorman, 86 Nev. 332, 468 P.2d 354 (1970); Levine v. Remolif, *supra*. In the circumstances presented by the case at hand, however, the opinion evidence of respondents' expert was properly admitted to rebut the evidence introduced by appellants' own expert.

In McNab v. Jeppesen, 102 N.W.2d 709 (Minn. 1960), the Minnesota Supreme Court held that it was error to exclude expert opinion testimony as to the area of impact offered to rebut the opinion of an investigating officer. The court explained:

> Generally where a party elicits evidence he cannot thereafter be heard to say that such evidence is not admissible, and where he offers evidence that certain conditions exist, he cannot complain that the court permits his evidence to be rebutted. . . .

*Id.,* at 712. *See* 5 Am.Jur.2d, Appeal and Error § 717 (1962); 31A C.J.S. Evidence, at § 190 (1964). *Accord,* Felde v. Kohnke, 184 N.W.2d 433 (Wis. 1971); Leeper v. Thornton, 344 P.2d 1101 (Okla. 1959); Ryan v. Furey, 303 A.2d 221 (Pa. Super. 1973).

In this case, expert testimony as to the area of impact was initially introduced by appellants, not respondents. The battle

of experts was thus joined by appellants themselves. The primary effect of Professor Manning's testimony was to cast doubt upon the testimony offered by Officer Ruble as to how the accident occurred, and particularly as to the area of impact. This was appropriate and relevant rebuttal evidence. Felde v. Kohnke, *supra,* at 441.

Appellants argue that the testimony of Professor Manning is distinguishable from that offered by Officer Ruble because the former's testimony was predicated upon a series of photographs in evaluating the damage to the vehicles. Appellants suggest, however, no basis for concluding that the photographs contained less information than was ascertained by the officer in his visual inspection at the accident scene. Nor are photographs *per se* invalid as a basis for expert testimony in accident reconstruction cases. Felde v. Kohnke, *supra;* Leeper v. Thornton, *supra;* City of Phoenix v. Schroeder, 405 P.2d 301 (Ariz.App. 1965); Woyak v. Konieske, 54 N.W.2d 649 (Minn. 1952). *See* NRS 50.285.

Under these circumstances, we hold that the trial court properly exercised its discretion in admitting the opinion of Professor Manning to rebut the opinion testimony elicited by appellants from their expert witness.

Therefore, the judgment and order of the trial court denying appellants' motion for a new trial are affirmed.[1]

---

[1]The Governor designated Michael J. Wendell, Judge of the Eighth Judicial District, to sit in place of Hon. Gordon Thompson, Justice, who was disqualified. Nev. Const. art. 6, § 4.

The Governor designated William P. Beko, Judge of the Fifth Judicial District, to sit in place of Hon. Noel E. Manoukian, Justice, who was disqualified. Nev. Const. art. 6, § 4.