## Alfred Royster, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs, October 7, 1981, to Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

236

*Damon J. Faldowski,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, January 25, 1982:

This appeal by Alfred Royster is from an order of the Court of Common Pleas of Fayette County which, after a de novo hearing, sustained the action of the Bureau of Traffic Safety of the Department of Transportation suspending Mr. Royster's certification as an Official Inspection Mechanic for 18 months. The suspension was imposed because Royster had 1) issued six No. 2 inspection stickers before the No. 2 cycle began 2) made faulty inspections and 3) inspected 10 school buses when not authorized to do so.

Our scope of review in this case is limited to a determination of whether the lower court has committed an error of law or whether the findings of the lower court are based on substantial evidence. *Kennedy v. Bureau of Traffic Safety,* 52 Pa. Commonwealth Ct. 619, 416 A.2d 614 (1980).

Royster sets forth two issues in this appeal: were the findings of the trial court based upon substantial evidence and did the trial court commit an error of law? After a careful review of the evidence, we are well satisfied that that evidence, including the testi-

mony of Mr. Royster himself, was such that a reasonable mind might accept as adequate to support a conclusion that the violations did, in fact, occur. The facts found by the lower court are clearly based upon substantial evidence in the record.

Mr. Royster, who elected to submit his argument on brief, has not specified wherein the trial court erred as a matter of law. Nevertheless, we have reviewed the evidentiary rulings of the trial court during the course of the hearing, examined the conclusions of law reached by the trial court and reviewed the reasoning set forth in the trial court's opinion and find no error of law committed by the trial judge.

Accordingly, we will affirm on the basis of the able opinion of Judge FRANKS dated October 30, 1980 and entered to No. 550 Civil Sessions 1980 of the Court of Common Pleas of Fayette County.

ORDER

AND Now, this 25th day of January, 1982, the order of the Court of Common Pleas of Fayette County entered October 30, 1980 to No. 550 Civil Sessions 1980 is affirmed.

Judge PALLADINO did not participate in the decision in this case.