George P. Williams, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs March 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

*Harold Gondelman,* with him *Michael J. Witherel, Gondelman, Baxter, McVerry, Mulvihill & Smith,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE MACPHAIL, May 16, 1983:

George P. Williams (Appellant) appeals from an order of the Court of Common Pleas of Allegheny County dismissing his appeal from the Department of Transportation's (DOT) suspensions of his Certificate of Appointment as an official inspection station and his certification as an official inspection station mechanic for a period of one year. The suspensions

were for furnishing a certificate of inspection (inspection sticker) without performing an inspection. Section 4727 of the Vehicle Code, *as amended*, 75 Pa. C. S. §4727.

Our scope of review in this case is limited to a determination of whether the trial court has committed an error of law or whether the findings of the trial court are based on substantial evidence. *Royster v. Commonwealth*, 64 Pa. Commonwealth Ct. 235, 236, 439 A.2d 907, 908 (1982).

In this case, the trial court received uncontradicted evidence that an inspection sticker issued by Appellant was found affixed to a vehicle other than the vehicle to which the sticker was issued. When found, the face of the sticker was clear. Trooper Lawrence Stayduhar of the Pennsylvania State Police, who had been assigned to the garage inspection detail for five years, testified that the marking "VOID" would appear the first time a sticker was removed from a windshield and that he had never seen a sticker removed which did not show "VOID." Appellant presented no testimony.

The trial court in its decision took judicial notice of the fact that a sticker cannot be removed without showing "VOID." Since the sticker when found did not show "VOID" the Court considered this as evidence that Appellant did not affix the sticker to the vehicle he allegedly inspected. The Court therefore sustained DOT's suspensions.

Appellant initially contends that the trial court improperly admitted Trooper Stayduhar's testimony regarding sticker removal as opinion evidence without proper foundation. The law is clear, however, that the qualification of an expert witness to testify is a matter for the discretion of the trial judge and an appellate court will not reverse his ruling absent

clear error. *See, e.g., New Castle Central Renewal Associates Appeal,* 36 Pa. Commonwealth Ct. 584, 587, 389 A.2d 225, 227 (1978); *Kubit v. Russ,* 287 Pa. Superior Ct. 28, 34-35, 429 A.2d 703, 706 (1981). If the witness has any reasonable pretension to specialized knowledge on the subject under investigation he may testify. *New Castle,* 36 Pa. Commonwealth Ct. at 588, 389 A.2d at 227; *Ragan v. Steen,* 229 Pa. Superior Ct. 515, 522, 331 A.2d 724, 728 (1974). We believe that the qualifications of Trooper Stayduhar are sufficiently apparent to justify the trial judge's decision to permit his testimony.

Appellant contends that the trial court further erred in taking judicial notice that "VOID" would appear the first time an inspection sticker was removed from a windshield. While the taking of judicial notice of this fact does appear questionable, Trooper Stayduhar's testimony on this matter was ample evidence from which the court could find as a fact that the marking "VOID" would appear and therefore we shall not reverse on this basis.

Appellant also argues that the evidence submitted was insufficient to meet the Commonwealth's burden of proof in this case. It is not for this Court to weigh the evidence and determine whether the Commonwealth proved its case. Given our limited scope of review, we must hold that the trial court's decision was supported by substantial evidence in the record. A valid sticker issued by Appellant was found attached to the wrong vehicle; a reasonable inference from this is that Appellant provided the sticker without an inspection.

Finally, Appellant seeks to have the trial court's decision overturned because Appellant was found not guilty of criminal charges based on the incident involved herein. This contention is plainly without

merit. *See Commonwealth v. Abraham,* 7 Pa. Commonwealth Ct. 535, 537, 300 A.2d 831, 832 (1973) (driver's license suspension).

We affirm.

ORDER

The order of the Court of Common Pleas of Allegheny County, No. SA 334 of 1982, is hereby affirmed.