CHEYENNE CONSTRUCTION, INC., A NEVADA CORPORATION; DAVID W. BINGHAM; KATHIE E. BINGHAM; AND ST. PAUL FIRE AND MARINE INSURANCE COMPANY, A CORPORATION, APPELLANTS, v. MORRIS HOZZ, RESPONDENT.

No. 16243

June 26, 1986                                    720 P.2d 1224

*Gordon C. Richards*, Las Vegas, *Heaton, Doescher & Owen*, Carson City, for Appellants.

*Jolley, Urga & Wirth* and *Troy Peyton*, Las Vegas, for Respondent.

# OPINION

*Per Curiam:*

## The Facts

Appellant Cheyenne Construction, Inc. (Cheyenne) and respondent Morris Hozz entered into a contract in which appellant agreed to perform paving work at respondent's mobile home park. The contract specified that the subsoil on which the pavement was to be applied was to be compacted to a specified degree and depth; the gravel bases were to be compacted to another specified degree. Cheyenne utilized a different type of gravel than that specified in the contract. Cheyenne also failed to apply part of a prime coat specified in the contract and failed to apply a seal coat as required by the contract. Portions of the paving thereafter subsided and cracked and the gravel base ravelled away from the concrete surface.

Respondent sued for breach of contract and Cheyenne counter-claimed for payment due for work completed. At trial, respondent's geotechnical engineer testified that the subbase and gravel base were below the compaction level required by the contract and concluded that poor compaction caused the subsidence and ravelling. The engineer expressed the opinion that the foregoing deficiencies would reduce the life of the paving work to approximately one-half its normal expected life. The engineer recommended that an asphalt overlay be applied to the surface so that the paving would conform to its expected state of durability.

The district court found that the failure both to apply the seal coat and part of the prime coat and to use the specified type of gravel constituted breach of contract. The court also found that the failure to achieve adequate compaction constituted both a breach of contract and the cause of the ravelling and subsidence. The court awarded respondent the cost of an overlay to remedy the ravelling and subsidence and awarded Cheyenne the contract price for the work performed. This appeal followed.

*Discussion*

Cheyenne claims that the factual findings are unsupported by the evidence. We disagree. Respondent's testimony of delays in performance of the contract supports the court's finding that Cheyenne was responsible for delay in construction. Udevco, Inc. v. Wagner, 100 Nev. 185, 678 P.2d 679 (1984). The findings that Cheyenne breached the contract by failing to apply part of the prime coat, failing to apply the seal coat, and using a type of gravel other than that specified in the contract are also supported by the testimony. *Id.* The testimony of respondent's expert engineer established that in many areas there was a compaction level of less than that specified in the contract. Respondent's expert engineer's testimony that the overlay would cure the ravelling problem, would fill in the cracks, and provide a stronger structural section supports the district court's finding that the overlay would remedy the breach.

Cheyenne next contends that the district court erred in refusing to qualify its witnesses as experts because the witnesses were not licensed engineers. A decision concerning the competency of a witness to offer an opinion as an expert is within the sound discretion of the trial court and the ruling will not be disturbed unless a clear abuse of the court's discretion is shown. NRS 50.275; Provence v. Cunningham, 95 Nev. 4, 7, 588 P.2d 1020, 1021 (1979); Cardinal v. Zonneveld, 89 Nev. 403, 514 P.2d 204 (1973). Many courts, including this Court, permit witnesses to testify as experts based on the witness' practical experience. McKiernan v. Caldor, Inc., 438 A.2d 865 (Conn. 1981). However, it was within the district court's discretion to refuse to qualify appellant's witness as an expert where, among other factors, he was not a licensed engineer. Cardinal v. Zonneveld, 89 Nev. at 407, 514 P.2d at 206.

Cheyenne also argues that the district court erred in refusing to require respondent's attorney to testify over an attorney-client privilege objection concerning whether respondent's attorney advised respondent not to repair damaged paved areas. Cheyenne contends respondent waived the privilege by calling his attorney to the witness stand. The client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications between himself and his lawyer. NRS 49.095; Tahoe Regional Planning Agency v. McKay, 769 F.2d 534, 539-540 (9th Cir. 1985). If there is disclosure of privileged

communications, this waives the remainder of the privileged consultation on the same subject. However, acts or services performed by an attorney for his client in the course of employment and which are accessible to others or to the public do not fall within the privilege because no private communication is involved. NRS 49.385; Arkansas National Bank v. Cleburne County Bank, 525 S.W.2d 82, 84 (Ark. 1975).

Respondent's attorney testified regarding his dealings with Cheyenne in respect of the construction, repair work and payment involving the project. Respondent's attorney's testimony therefore concerned acts that were neither private communications nor within the attorney-client privilege. Arkansas National Bank v. Cleburne County Bank, 525 S.W.2d at 84. Therefore, the attorney did not testify concerning privileged communications which waived disclosure of the remainder of the privileged communication on the same topic. However, respondent's attorney's advice to respondent would be an unrelated privileged confidential communication. Moreover, Cheyenne has not demonstrated how the exclusion of evidence regarding advice not to repair was relevant or how the exclusion of the evidence was prejudicial. The district court did not err in excluding the testimony.

Cheyenne next claims that the district court erred in calculating the cost to correct the paving defects as of the time of trial. Where special circumstances show proximate damages of an amount greater than existed on the date of the breach, a date different than the time of breach may be fixed for establishing damages. Fairway Builders, Inc. v. Malouf, Etc., 603 P.2d 513, 526 (Ariz. Ct.App. 1979) (measure of the damages for breach of a construction contract as of the time of trial). There was no error.

Finally, Cheyenne complains that by reducing the amount of its award on the counterclaim by sums allocable to the missing prime and seal coats and increasing respondent's award to cover the costs of the same treatments constitutes a double recovery by respondent. We agree. Where there has been partial performance, a contractor is entitled to recover the total price promised less the cost of completing performance and other consequential damages. Fleming v. Twine, 58 A.2d 498, 499-500 (D.C. 1948). Thus the deduction from Cheyenne's award for the uncompleted application of the prime and seal coats was proper. The measure of the owner's damages is the sum that will put him in as good a position as if the contract had been fully performed. Fleming v. Twine, 58 A.2d at 499-500. The court awarded respondent the

cost of the overlay, which also included a cost component covering the application of prime and seal coats. Respondent was not entitled to be placed in a better position because of the breach than he would have enjoyed had the contract been performed. Here, by reducing Cheyenne's award to cover the missing prime and seal coats, and then awarding damages to respondents to cover the application of the same two treatments, resulted in respondent receiving the benefit of said treatments without cost. This was improper and constituted an unwarranted advantage to respondent. Accordingly, upon remand, the district court will have to determine the cost of repairing the defects, less the cost of the application of one-half of the prime coat and the seal coat.

Cheyenne's remaining contentions have been considered and are without merit.[1]

### Disposition

We remand this case to the district court for a re-determination of respondent's damages as noted above and for entry of judgment in accordance therewith. In all other respects the judgment of the district court is affirmed.

---

[1]The district court dismissed the complaint as to the individual appellants David W. Bingham and Kathie E. Bingham. The district court entered judgment against Cheyenne's bonding company, St. Paul Fire and Marine Insurance Company. David W. Bingham, Kathie E. Bingham and St. Paul Fire and Marine Insurance Company have not raised any contentions on appeal.