ISABELL WRIGHT, Appellant, v. LAS VEGAS HACIENDA, INC., a Nevada Corporation, Respondent.

No. 13755

June 26, 1986                                                720 P.2d 696

[Rehearing denied September 4, 1986]

*Richard A. Avila,* Las Vegas, for Appellant.

*Fitzgibbons & Beatty,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from a judgment pursuant to a jury verdict in a personal injury action, and from an order of the district court denying appellant's motion for a new trial. Because we conclude that the district court abused its discretion in excluding the testimony of appellant's expert at trial, we reverse.

Appellant injured her ankle when she tripped and fell on respondent's stairway. The stair on which appellant tripped was the last stair before the first landing of the stairway. It had a metal strip across its tip that was raised about one-eighth of an inch. None of the other stairs had a metal strip.

During the course of the trial, appellant attempted to call Dr. Charles Rasmussen, Chairman of the Department of Psychology at the University of Nevada at Las Vegas, as an expert in the field of human factors engineering. Dr. Rasmussen would have testified that the metal strip on the final stair created a dangerous condition which may have caused appellant's fall because of the psychological effects of variations in the height and materials of the stairway. The district court excluded the testimony.

At trial, the sole reason given by the district court for the exclusion of Dr. Rasmussen's testimony was that Dr. Rasmussen was unqualified to testify in the field of human factors engineering because he did not possess the requisite academic credentials. In response to appellant's motion for a new trial, the district court added that Dr. Rasmussen was not licensed as a psychologist or as an engineer. The district court concluded that Dr. Rasmussen was therefore unqualified to testify, because Dr. Rasmussen would thereby engage in the unlicensed practice of psychology or engineering. *See* NRS 641.025; NRS 625.050. The court also concluded that Dr. Rasmussen's testimony would have been cumulative because respondent's expert had testified concerning the "psychological factors of descending stairs where there is a variation in the height and material." Appellant contends that the district court's refusal to allow Dr. Rasmussen to testify as an expert in the field of human factors engineering was error. We agree.

The admission of expert testimony is a matter generally left to the discretion of the district court. *See* Provence v. Cunningham, 95 Nev. 4, 7, 588 P.2d 1020, 1021 (1979). However, this court will not hesitate to intervene if that discretion is manifestly abused. *Id.*

The record reveals that Dr. Rasmussen was the Chairman of the Department of Psychology at the University of Nevada at Las Vegas, and had been with the department for nine years. Dr. Rasmussen's academic background included a bachelor's degree in psychology, and a Ph.D. in psychology with an emphasis on experimental psychology. His doctorate minor was in systems engineering with an emphasis on human factors engineering. Dr. Rasmussen's doctoral studies focused on physiological psychology, which involves the relationship between the brain and the behavioral processes, and Dr. Rasmussen had taken several courses in human factors engineering designs. Finally, Dr. Rasmussen had previously taught a course in human factors engineering at the University of Nevada at Las Vegas. Clearly, Dr. Rasmussen was academically qualified to testify as an expert in the field of human factors engineering.

The district court's alternative grounds for excluding Dr. Rasmussen's testimony are equally unsupportable. A witness need not be licensed to practice in a given field in order to be qualified to testify as an expert. NRS 50.275 provides that a person with "special knowledge, skill, experience, training or education may testify [as an expert] to matters within the scope of such knowledge."[1] This statute does not require an expert to be licensed. As noted, Dr. Rasmussen possessed special knowledge, training and education that would have enabled him to testify as an expert in the field of human factors engineering. Further, contrary to the district court's conclusion, a person does not unlawfully engage in the unlicensed practice of psychology or engineering when he testifies to his knowledge of the subject in a court of law.

Finally, the district court's conclusion that Dr. Rasmussen's testimony would have been cumulative cannot be upheld. The fact that respondent's expert was allowed to testify does not render the testimony of appellant's expert unnecessary. On the contrary, it exacerbates the prejudice to appellant, because the only expert allowed to testify opined that the step did not cause appellant's accident. In light of this, appellant was clearly entitled to present her expert's testimony to the jury.

Accordingly, we reverse the judgment of the district court and we remand this case for a new trial.[2]

---

[1]NRS 50.275 provides:

> If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by special knowledge, skill, experience, training or education may testify to matters within the scope of such knowledge.

[2]In light of this disposition, we need not consider appellant's contention that jury misconduct deprived her of a fair trial.