MARION FREEMAN, INDIVIDUALLY, P. KEKAULIKE ROSEHILL, SPECIAL ADMINISTRATOR OF THE ESTATE OF KENNETH FREEMAN, DECEASED, AND KERIN K. FITZGERALD, EXECUTRIX OF THE ESTATE OF EDMONDA FREEMAN, DECEASED, APPELLANTS, v. JOEL DAVIDSON, M.D., RESPONDENT.

No. 18347

February 22, 1989                                    768 P.2d 885

---

[1]THE HONORABLE ROBERT E. ROSE, Justice, did not participate in the decision of this appeal.

*Kevin M. Kelly,* Las Vegas, for Appellants.

*Miles, Pico & Mitchell* and *Chris B. Escobar,* Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

Edmonda Freeman died in July, 1980, following surgery for gastric stapling and a partial cecectomy. Appellants, Ms. Freeman's estate and her heirs, filed a civil suit against respondent, Joel Davidson, M.D., alleging malpractice.

Appellants planned to present the testimony of three expert witnesses at trial. The trial court excluded the testimony of two,

Patricia Bowling, M.D., and Dr. William White, an economist. Appellants claim this was reversible error. We agree.

The trial court excluded Dr. Bowling's testimony because Dr. Bowling was not licensed to practice medicine until after the date of the alleged malpractice. An expert witness need not be licensed to testify as an expert, as long as he or she possesses special knowledge, training and education, or in this case, knowledge of the standard of care. NRS 50.275; Wright v. Las Vegas Hacienda, 102 Nev. 261, 720 P.2d 696 (1986). In medical malpractice cases expert testimony may be provided by nonphysicians. Harris v. Robert C. Groth, M.D., Inc. P.S., 99 Wash.2d 438, 663 P.2d 113 (1983). The expert's knowledge need not be acquired contemporaneously or before the alleged negligence. Brown v. Colm, 114 Cal.Rptr. 128, 522 P.2d 688 (1974); Casey v. Phillips Pipeline Company, 199 Kan. 538, 431 P.2d 518 (1967).

The competency of expert witnesses is a matter generally left to the sound discretion of the trial court. The trial court's decision will not be disturbed on appeal in absence of abuse of discretion. Cheyenne Const., Inc. v. Hozz, 102 Nev. 308, 720 P.2d 1224 (1986); Provence v. Cunningham, 95 Nev. 4, 588 P.2d 1020 (1979). "However, this court will not hesitate to intervene if that discretion is manifestly abused." Wright v. Las Vegas Hacienda, 102 Nev. 261, 262, 720 P.2d 696, 697 (1986). A per se rule of disqualification based on the date of licensure is an abuse of discretion.

Respondent claims that Dr. Bowling's testimony would have been cumulative, thus the exclusion was harmless error. NRCP 61; see Tarkanian v. Nat'l Collegiate Athletic Ass'n, 103 Nev. 331, 741 P.2d 1345 (1987), cert. granted in part, 108 S.Ct. 1011 (1988). This was a case involving sharp factual contradictions and complex medical testimony. "When the evidence is split and the case is close, it is likely that the result would be sensitive to the excluded testimony. In this setting the rule of harmless error is inoperative." Robt. Pierce Co. v. Sherman Gardens, 82 Nev. 395, 399-400, 419 P.2d 781, 784 (1966). When the evidence is sharply contradicted "the error is treated as being more significant. . . ." Boyd v. Pernicano, 79 Nev. 356, 358, 385 P.2d 342, 343 (1963). If, on retrial, Dr. Bowling demonstrates her knowledge of the applicable standard of care, and otherwise meets the requirements of an expert witness, she should be allowed to testify.

The district court excluded Dr. William White's testimony on the basis that it was too speculative and prejudicial. NRS 41.085, enacted in 1979, allows heirs to prove damages for loss of probable support. The legislature carefully chose the words "probable support." The legislature's intent should be given full effect. Heirs' damages, based on the decedent's lost earning capacity, may include present as well as future loss of support. Wells, Inc. v. Shoemake, 64 Nev. 57, 177 P.2d 451 (1947). Damages are, of necessity, tinged with a certain degree of speculation. *See* Amerco Marketing Co. of Memphis, Inc. v. Myers, 494 F.2d 904 (6th Cir. 1974). This court has recently approved the use of an economist to assist in the determination of damages. *See* K Mart Corporation v. Ponsock, 103 Nev. 39, 732 P.2d 1364 (1987). Dr. White should be allowed to testify on retrial, if he otherwise meets the requirements of an expert witness.

In light of the above conclusions, we reverse and remand this matter for retrial. We emphasize that the competency of an expert witness is a matter within the trial court's discretion. However, date of licensure is not a consideration, and the testimony of an economist is an accepted means of proving loss of probable support. Accordingly, we reverse and remand.[1]

---

[1]The Honorable Robert E. Rose did not participate in the decision of this appeal.