[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The instant matter is an appeal from the action of the Bethany Board of Tax Review, denying plaintiff's claim that the Town's assessment of the plaintiff-owned Bethany Lake Dam was "grossly excessive, disproportionate and unlawful."
The original complaint also challenged the Town's assessment of the Lake Chamberlain Dam and Reservoir. The plaintiff's Amended Complaint, dated September 24, 1991, deleted all claims relating to the Lake Chamberlain Dam and the issue now concerns only the Bethany Lake Dam.
At trial the plaintiff called as its expert witness, Michael J. Remsha, of American Appraisal Associates, a real estate appraisal firm with its headquarters in Milwaukee, Wisconsin. Remsha testified at length as to his educational background and experience as an expert witness in the appraisal and evaluation of reservoirs and dams. Cross examination of this witness revealed that he was not licensed, as an engineer or real estate appraiser, in either Wisconsin or Connecticut. The defendant's attorney, thereupon, challenged the plaintiff's right to have Remsha's testimony considered as relevant evidence.
The plaintiff's attorney pressed his claim that the evidence of the expert, Remsha, was admissible. The undersigned thereupon interrupted the trial, holding in abeyance any decision as to the relevance and admissibility of the Remsha testimony. He requested submission of legal memoranda on the issue of whether an expert witness engineer, not licensed in either Connecticut or Wisconsin, can be considered qualified to testify in a Connecticut trial, and state his opinion as to his appraisal valuation of the dam and reservoir involved herein.
Both parties have submitted legal memoranda to support their CT Page 9560 claims. The defendant Town of Bethany bases its objection to the admissibility of the Remsha testimony on the ground that there is no provision in the Connecticut Statutes that would allow such testimony. The defendant Town's legal memorandum provides an indepth analysis of the provisions of Title 20 of the Connecticut General Statutes, as set forth in Chapter 392 of 1991 Cumulative Annual Pocket Part. Section 20-311 of Chapter 392 contains various definitions and defines, inter alia, (subsection (4)) "real estate appraiser"; (7) "real estate appraisal business"; (13) "general certification qualifying an appraiser to perform appraisals of all types of real property."
Section 20-311b establishes a "Connecticut real estate appraisers commission" to govern "licensure, certification and issuance, renewal, suspension or revocation of licenses concerning the real estate appraisal business." Section 20-312 deals specifically with "Licensing and certification" and includes the prohibition that "no person shall act as a real estate appraiser without a license or certification"; Section 20-314 deals with "License qualifications" and requires each person (inter alia) who seeks a real estate appraiser's certification to submit to "a personal written examination as to his competency to function as a real estate appraiser".
Special note may be made of Sec. 20-317, entitled "licenses to non residents", which contains the provision that
 "[t]he appropriate commission shall recognize a current, valid license or certification, as the case may be, issued to a currently practicing, competent. . .real estate appraiser. . .by another state as satisfactorily qualifying him for a license as a . . . real estate appraiser under this chapter. . . . "
The provisions of Chapter 392 are indeed rigorous in their supervision and control of "Real Estate Brokers, Salesmen, and [real estate] Appraisers." At first perusal these provisions would seem to preclude anyone who is not licensed in Connecticut, to testify in court as to appraisal valuation of real estate unless he has a current valid license or certification in another state whose licensing requirements "are substantially similar to, or higher than those of this state [Connecticut]." And the relevant Section 20-317 contains the provision that if an applicant is not a resident of a state which does have requirements which meet the Connecticut standards, the out-of state applicant "shall be required to pass the Connecticut portion of the real estate appraisal examination."
Section 20-329 deals with "exceptions" under the provisions CT Page 9561 of Chapter 392, but only as to "licensure of real estate brokers and real estate salesmen." It makes no reference to "real estate appraisers."
With this introductory background, the respective contentions of the parties are as follows: The defendant Town, relying on the provisions of Chapter 392 referred to, claims the witness Remsha's testimony is not admissible because he is not licensed in either Connecticut or Wisconsin. The plaintiff claims that case law in various states gives ample legal precedent for the admission of the Remsha testimony, despite the fact that he is not licensed in either Wisconsin or Connecticut.
The undersigned concludes that the plaintiff correctly claims that 20-329 of Chap. 392, originally enacted in 1953, now supports the non-applicability of the licensing requirements of Chap. 392, to real estate appraisers who testify as "witnesses in court."
The significant change must be noted that although the 1953 enactment of Chap. 392 was captioned and related only to "Real Estate Brokers and Salesmen", the present Chap. 392 (set out in Vol. 11 A of Title 20, 1991, now bears the "caption" "Real Estate Brokers, Salesmen, and Appraisers". (underlining added.)
But aside from this interpretation of the present, 1991, Chap. 392, the plaintiff's counsel in his Memorandum of Law, has cited a lengthy list of 16 decisions in states, other than Connecticut — mostly in the south, middle and far west — that do support the plaintiff's claim that it is the qualifications of an appraiser, as brought out by his education, training and experience, that should be the test of whether the appraiser in the instant matter, Remsha, can testify in the complicated valuation of the Bethany Lake reservoir and dam, the subject of the instant case. For reference, the decisions cited may be referred to:
ALABAMA
 Basin Coal Company v. Gulledge 470 So.2d 1258 (Court of Civil Appeals, Ala. 1985)
 Federal Mogul Corporation v. Universal Const. Co. 376 So.2d 716 (Ala. Ct of Civil Appeals 1979) P. 717 — Engineers not licensed in Alabama were competent to testify as expert witnesses.
CALIFORNIA
Geophysical Systems v. Seismograph Services Corp. CT Page 9562 738 F. Sup. 348 (C.D.Cal. 1990) (U.S. District Ct. Calif.) This is a case in Federal District Court — The State of California barred unlicensed experts from practice of geophysics in State.
FLORIDA
 Paradise Prairie Land Co. v. U.S. 212 F.2d 170 (Fla. Ct. of App. ) Lee County Electric Co-Operative, Inc. v. Lowe 344 So.2d 308 (1987 — Fla. App). P. 309 — Holds that "an expert, if otherwise qualified, be licensed in his specialty in the State of Florida in order to qualify for expert testimony.
GEORGIA
 Longino v. City of Atlanta 193 S.E.2d 190 (Ct. of Appeals of Ga. 1992) P. 791 — Person need not be a licensed real estate appraiser to qualify as such.
INDIANA
 State v. Totty 423 N.E.2d (Ind.App. 1981) P. 143 — Upheld allowing an expert witness to testify on engineering matters although not licensed in Indiana but is licensed in Texas and Louisiana.
 State v. Maudlin 416 N.E. 477 (Indiana App. 1981) P. 643 — Held that "a qualified practitioner was not barred from testifying as an expert because not admitted to practice in Indiana.
IOWA
 Ganrud v. Smith 206 N.W.2d 311 (Iowa 1973)
MICHIGAN
 W. W. White Co. v. LeClaire, et al 181 N.W.2d 790 (Ct. Appeals Mich.) P. 791 — Allowed a graduate architect not licensed m CT Page 9563 Michigan to testify as expert on "variance between planned and actual construction of bowling alley addition."
MINNESOTA
 Hagen v. Swenson 236 N.W.2d 161 (Minn. 1975) P. 161 — Decision allowed expert medical witness who was not a licensed psychologist in state to testify as an expert.
NEBRASKA
 HiWay 20 Term. v. Tri-County Agri-Supply 443 N.W.2d 872 (Neb. 1989) Pp. 874, 875 — This was a negligence action against contractor in the construction of a grain storage building. Involved right to indemnification.
NEVADA
 Wright v. Las Vegas Hacienda, Inc. 720 P.2d 696 (Nev. 1986) Pg. 697 -Expert not licensed to practice psychology or engineer was not allowed to testify —
Court found error.
NEW JERSEY
 Hake v. Manchester Tp. 486 A.2d 83 (N.J. 1985)
OREGON
 State Dept. of Trans. v. Montgomery Ward Dev. 719 P.2d 507 (Or.App. 1986)
PENNSYLVANIA
 U.S. v. 60.14 Acres of Land 235 F. Sup. 401
 Appeal of New Castle Cent. Renewal Assoc. 389 A.2d 225 (P.A. Commw. 1970)
SOUTH CAROLINA CT Page 9564
 Manning v. City of Columbia 377 S.E.2d 335 (S.C. 1989)
 South Carolina Department of Highways v. Manning 323 S.E.2d 775 (So. Carolina S.C. 1984) P. 775 — Expert witness from Illinois allowed to testify as expert witness although not a licensed landscape architect in South Carolina.
TEXAS
 State v. Taylor 721 S.W.2d 541 (Tex.App. 1986)
WASHINGTON
 Keegan v. Grant City Public Utility District No. 2 681 P.2d 146 (1983) (Washington App. 1989) Found error in court's refusal to allow expert not licensed to sell real estate, to testify as to fair market value of real estate.
Particular mention may be made of the decision in HiWay 20 Terminal, Inc. v. Tri-County Agri-Supply, Inc., supra, where the Nebraska Supreme Court allowed an appraiser not licensed in Nebraska to testify as to his valuation of a grain storage structure, despite the fact that the appraiser was not licensed in Nebraska. The decision emphasizes that the valuation of a public utility requires specialized knowledge by the appraiser. And the Nebraska Supreme Court points out, p. 874, that a Nebraska state statute specifically provided that "no person shall testify as an appraiser before any tribunal, judge, referee or judicial committee without being licensed. . . ."
FINDING OF FACTS
1) The thorough examination of the plaintiff's witness, Remsha, both on direct and cross-examination, shows that he is qualified as an engineer and is competent to appraise reservoirs and dams by reason of his knowledge, training and experience.
2) Remsha's lack of licensure in Connecticut, and in Wisconsin, does not detract from the fact that he is a competent engineer with the desired qualifications of education, training and experience, to render his opinion as to the valuation of the subject dam and reservoir.
CONCLUSION CT Page 9565
The trial in the instant matter is ordered to continue for further testimony by both parties, on the trial dates to be set.
A. Frederick Mignone State Trial Referee